GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. E. C. PENDRY.

No. 226.

**1. Contributory Negligence.**

A passenger upon a street railroad car was injured in a collision caused by a train upon a crossing track backing into the car upon which was the passenger. In such case negligence of the employes of the street car company would not be imputed to such passenger; nor in the absence of some circumstance warning the passenger of approaching danger would the absence of testimony to the exercise of any care by the passenger to avoid danger require that the issue of contributory negligence be submitted to the jury, 556

**2. Charge—Proper Lookout—Negligence.**

In action against a railway company for damages for injuries inflicted in a collision at a crossing upon its track, it was error to charge the jury, as a matter of law, that the failure of the servants of the defendant to keep a proper lookout for cars which might be approaching the crossing was negligence. Whether such failure under the circumstances was negligence was for the jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 557

ERROR to Court of Civil Appeals for Second District, in an appeal from Tarrant County.

This is an action brought in the District Court by E. C. Pendry, against the Gulf, Colorado & Santa Fe Railway Company and the Fort Worth Street Railway Company, to recover damages for injuries sustained by the wife of plaintiff, while a passenger on a car of the said street railway company, which car was backed into by a train of the Gulf, Colorado & Santa Fe Railway at a crossing of the two railway tracks in the city of Fort Worth. It was charged that the collision was caused by the concurrent negligence of the two railway companies. On trial, judgment was rendered against the Gulf, Colorado & Santa Fe Railway Company for $6500. The case was taken to the Court of Civil Appeals for the Second District, and was affirmed.

Plaintiff in error in its application complained that the Court of Civil Appeals was in error in holding that the trial court was not in error (1) in instructing the jury, "that it was the duty of defendant's employes to keep a proper lookout for cars and other vehicles which might be approaching the crossing;" * * * (2) in failing to instruct upon the degree of care incumbent upon the party injured—the issue of contributory negligence.

The facts are given in the opinion.

*Alexander & Clark* and *J. W. Terry*, for Gulf, Colorado & Santa Fe Railway Company, plaintiff in error.—1. The court erred in the first paragraph of its charge, wherein it instructed the jury that it was the duty of defendant's employes to keep a proper lookout for cars and other vehicles which might be approaching the crossing, because the duty of the defendant was only to use ordinary care under the circumstances, and the use of the expression, "a proper lookout," was most likely misleading to the jury, as imposing a higher degree of care upon the defendant than the law imposed, and was virtually no instruction on the subject. Railway v. Finley, 79 Texas, 87, 88; Railway v. Chapman, 57 Texas, 82; Railway v. Richards, 59 Texas, 376; Railway v. Underwood, 64 Texas, 469; Railway v. Anderson, 76 Texas, 264; Railway v. Lee, 70 Texas, 496; Railway v. Porfert, 72 Texas, 351; Railway v. Garcia, 75 Texas, 590; Railway v. Phillips, 63 Texas, 593; Railway v. Greenlee, 62 Texas, 344.

2. Plaintiff was not entitled to recover if his wife was guilty of a want of ordinary care contributing to her injury, and the failure of the court to so qualify his charge, where he authorized the jury to find for plaintiff, was radically wrong in ignoring the question as to whether his wife was free from negligence contributing to her injury. Railway v. Kutac, 72 Texas, 643; Railway v. Shacklett, 105 Ill., 370; Dean v. Railway, 39 Am. and Eng. Ry. Cases, 697; Railway v. Porfert, 72 Texas, 344; Grostick v. Railway, 49 Am. and Eng. Ry. Cases, 332, 358, and cases cited; Transfer Co. v. Kelley, 36 Ohio St., 86–91; Railway v. Houston, 95 U. S., 697, 702; Railway v. Harrington, 49 Am. and Eng. Ry. Cases, 358, 366; French v. Railway, 116 Mass., 537; Corcoran v. Railway, 105 Mo., 399; Boyd v. Railway, 16 S. W. Rep., 909; Railway v. Webb, 90 Ala., 185; Id., 49 Am. and Eng. Ry. Cases, 428; Whart. on Neg., sec., 420; Beach on Con. Neg., secs. 19, 20; Field on Dam., sec. 29; Pat. Ry. Acc. Law, sec. 93; 2 Thomp. on Neg., p. 1129.

*Wynne & McCart*, for defendant in error.—1. A reasonable lookout, varying according to the danger and all the surrounding circumstances, is a duty always devolving on those in charge of a railway train in motion, especially in a populous city, crossing a popular thoroughfare. Railway v. Carson, 1 S. W. Rep., 107; Railway v. Sympkins, 54

Texas, 615; Railway v. McWhirter, 77 Texas, 357; Railway v. Maryland, 36 Md., 366; Railway v. The State, 33 Md., 545; Thomp. on Neg., 439; Hicks v. Railway, 64 Mo., 430.

The duty of watchfulness has often been enforced against railroads in cases of injuries to cattle trespassing on their tracks, and that, too, in the absence of any statutory provision, or in cases outside of the statute. Isbell v. Railway, 27 Conn., 393; Gorman v. Railway, 26 Mo., 442; Railway v. Barrie, 55 Ill., 226; Kerwhacker v. Railway, 3 Ohio St., 172; 54 Texas, 622.

2. A charge upon the weight of evidence should not reverse the case, if upon the entire evidence no other verdict could be reached by the jury. 55 Texas, 520; 53 Texas, 212; McClane v. Rogers, 42 Texas, 220; Hubby v. Stokes, 22 Texas, 220; Allbright v. Corley, 40 Texas, 112; Carter v. Eams, 44 Texas, 548; Williams v. Conger, 49 Texas, 682; Erwin v. Bowman, 51 Texas, 514; 82 Texas, 28; 58 Texas, 155, 416; 65 Texas, 177; 66 Texas, 206.

A charge that the breach of an admitted duty is negligence, is not a charge upon the weight of evidence. 65 Texas, 117.

If any part of the general charge needed explaining, it should have been called to the court's attention by a special charge on the point. 66 Texas, 266.

If a party think a word used in a charge should be defined, he should ask a special charge defining it. 81 Texas, 224.

Where the verdict is authorized by the evidence, and the justice of the case attained, the cause will not be reversed for error in the charge. 14 Texas, 464; 15 Texas, 31; 17 Texas, 671; 18 Texas, 829.

DENMAN, ASSOCIATE JUSTICE.—April 10, 1889, Mrs. Pendry, wife of E. C. Pendry, was a passenger on one of the street cars of the Fort Worth Street Railway Company, travelling along Belknap street, of said city, in the direction of the intersection of said street with the track of the Gulf, Colorado & Santa Fe Railway Company, and at the same time a train of flat cars was, by one of the engines of said railroad company, being backed over its said track toward said intersection. A collision ensued, in which Mrs. Pendry was injured; and this suit was brought by her husband, E. C. Pendry, against both of said companies, to recover damages therefor.

There was much conflict in the testimony as to the rate of speed said car and train were respectively travelling, at and immediately before the collision, and as when each became visible to the servants operating the other just before the collision, on account of fences and houses, and a curve and cut along and through which the train approached the intersection, and as to the distance each was from the intersection when the servants of the other discovered its approach.

The undisputed evidence shows, that Mrs. Pendry, immediately before and at the time of the collision, was sitting in the street car with her back to the approaching train, and was not aware of its presence until the moment of the collision, when the frightened appearance of a passenger in front of her caused her to turn and look, and she discovered the train and rose to her feet as the collision occurred.

Upon the verdict of the jury the court below rendered, and the Court of Civil Appeals affirmed, a judgment in favor of E. C. Pendry against the railroad company for $6500, and against said Pendry as to the street car company.

The Gulf, Colorado & Santa Fe Railway Company, plaintiff in error, has brought the case to this court by writ of error.

It is urged, that the trial court erred in not submitting the issue of contributory negligence on the part of Mrs. Pendry.

In this case the burden of proof was upon defendant to establish by evidence its defense of contributory negligence on the part of Mrs. Pendry. In order to do so, it would have been necessary to show, that at the time of or immediately before the collision she failed to use such care and caution as a reasonably prudent person would have used under like circumstances to avoid the injury, and that such failure was one of the proximate causes of the injury.

If it be conceded that the driver of the car was negligent, that fact would not tend to support such defense, for his negligence would not be imputed to her.

In the absence of some circumstance warning her of approaching danger, we are of the opinion that the jury could not properly have found her guilty of contributory negligence from the mere fact that it was not shown that she, while a passenger on a public conveyance, exercised any care to discover the approaching train.

The court did not err in not submitting to the jury the issue of contributory negligence.

The giving of the following charge is assigned as error: "If you believe from the evidence that the agents or servants of the defendant, the Gulf, Colorado & Santa Fe Railway Company, in charge of and operating the train which it is alleged collided with the street car upon which plaintiff's wife was a passenger, in approaching the crossing of the street over which said street car was being operated, failed to keep a proper lookout for cars or other vehicles which might be approaching the crossing, or that such agents or servants of said railway company were running said train at a greater rate of speed than allowed by the ordinances of said city; and if you further believe from the evidence that the collision with said street car resulted from such negligence on the part of the said agents or employes of the Gulf, Colorado & Santa Fe Railway Company, and that the collision would not have occurred but for such negligence on the part of said employes,

you should find for the plaintiff as against the said defendant, the Gulf, Colorado & Santa Fe Railway Company.''

This charge declares, as a matter of law, that the failure of the servants of the railway to keep a proper lookout for cars which might be approaching the crossing, was negligence.

It may be, that from such failure the jury would have been justified in inferring negligence as a fact. It was, however, a question of fact to be found or inferred by the jury, and the court invaded the province of the jury in instructing them that such failure was negligence. Railway v. Lee, 70 Texas, 497; Railway v. Ryon, 80 Texas, 59; Railway v. Murphy, 46 Texas, 364.

The judgment is affirmed as to the street car company, and reversed and cause remanded as between plaintiff and Gulf, Colorado & Santa Railway Company.

*Reversed and remanded.*

Delivered February 25, 1895.