## ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. VIANNA BISHOP ET AL.

Delivered October 28, 1896.

**1. Evidence—Admissions Against Interest.**

In an action against a railway company by the children of one who was killed by a train while walking along the track, the defendant was entitled to prove by the husband of one of the children (plaintiffs) that his wife told him after the accident that shortly before her father went upon the track she requested him not to do so, and told him a train would be along soon, as such testimony, while hearsay as to the other plaintiffs, was, as to the wife of the witness, an admission against interest, tending to show that the father knew when he went on the track that the train would soon pass over it, and was therefore negligent.

**2. Railway Company—Signals at Crossing—Trespasser.**

The statutory signals required to be given before a train reaches a public crossing, are not intended for the protection of trespassers on the track, and such a trespasser, injured near a crossing, cannot claim that a failure to give such signals was negligence as to him.

**3. Same—Ordinary Care as to Injuring Trespasser.**

The train operatives are not required by law to keep a constant lookout for persons who may be wrongfully on the track, but when they see such a person on the track, and have reason to believe he is not aware of the near approach of the train, nor about to leave the track, they have no right to presume against such belief that he will leave the track, and it is their duty, after discovering his peril, to use every means at their command to avoid injuring him.

**4. Damages for Death by Wrongful Act—Right of Adult Children to Recover.**

An adult son and married daughters, in no way dependent on the father for support, and receiving nothing from him except occasional presents of no great value, are not entitled to recover from a railway company for negligently causing the father's death.

APPEAL from Collin.   Tried below before Hon. J. E. DILLARD.

*Sam H. West* and *Dillard & Muse*, for appellant.—1. It was competent for appellant to prove by Frank Bishop, husband of Vianna Bishop, and each of whom were parties plaintiff to the case, that he had heard his wife, Vianna Bishop, state after the accident which resulted in the death of Wiley Reisden, that she, Vianna Bishop, just

before her father left the house occupied by herself and husband, cautioned him about walking on the railway track, and advised him of the fact that a passenger train would soon pass along defendant's track; and it was also competent for appellant to prove by said Frank Bishop that he knew his wife had requested her father not to walk along defendant's track as he went from their house to that of J. A. Armstrong. Artusy v. Railway, 73 Texas, 191.

2. Where a party is injured while walking unlawfully upon a railway track, and going in a direction near a point on said track where it is intersected by a public road, yet, if the party is not traveling on such public road, it is immaterial whether the signals required by law to be given upon the approach of a railway train to a public road crossing are in fact given or not, as under such a state of facts, the party not being a traveler upon the public highway, but being unlawfully upon the railway track, the railway only owes to him the duty of using ordinary care to prevent injury to him after it is reasonably apparent that he does not intend to leave the track.

3. It is error for the trial court to inform the jury as a matter of law that the employes in charge of a railway train must keep a constant lookout for persons wrongfully upon the track. When the employes in charge of a railway train see a person upon the track they have the right to presume that he will leave such track, and until it becomes reasonably apparent that he does not intend to so leave the track, such employes can act upon the presumption that he will leave it, and it is only when it is apparent that such person will not leave the track that they are required to use ordinary care to prevent injury to him. Railway v. Finley, 79 Texas, 87; Railway v. Chapman, 57 Texas, 82; Railway v. Richards, 59 Texas, 370; Railway v. Greenlee, 62 Texas, 344.

*M. H. Garnett* and *R. T. Shelton,* for appellees.—1. The court did not err in refusing to permit W. F. Bishop to testify as to statements detailed to him by his wife, Vianna Bishop, as to what she had said to deceased because the same was clearly hearsay and was irrelevant and immaterial and because the same was an act that occurred as is shown by the bill of exceptions some hours before the accident.

2. Where a person though negligently upon a railway track is discovered thereon by the employes of the train of same, in time to avert injury, their failure to use proper care to prevent same would render the railway liable. Railway v. Roberts, 20 S. W. Rep., 962.

3. It is not error for the court to charge that the appellant would be liable for the injury done, if the deceased was struck at or near a public crossing by a moving train, because of neglect to ring the bell or blow the whistle, as required by the statute. Railway v. Lee, 70 Texas, 496.

4. Independently of the statute which imposes upon railway companies the duty to give signals on approaching public crossings, the law imposes upon a railroad company the duty of exercising reasonable care

in the running of its trains to avoid injuring others and the failure so to do is negligence.   Railway v. Thomas, 28 S. W. Rep., 344.

On motion for rehearing the original opinion was withdrawn and the judgment reversed by the following opinion:

NEILL, ASSOCIATE JUSTICE.—This suit was brought by seven daughters, three of whom were married and the other four minors, an adult son and two grand-children of Wiley Reisden, to recover damages for injuries resulting in his death alleged to have been caused by appellant's servants while operating one of its trains over its roads.   The petition alleged that when the accident occurred there was a pathway, usually traveled by footmen, running along and continuing upon appellant's road-bed from a point some distance east of where a whistling board was erected by appellant, which stood about three hundred yards east of a crossing, to or about the town of Renner, about one mile west of where the pathway enters on the railroad track; that while Reisden was walking along the footway in full view of and could at all times have been seen by appellant's servants in charge of and operating the train, had they exercised proper diligence and kept a sufficient and necessary lookout, he was, without any notice or signal from the persons in charge of appellant's train, run over and killed by the engine.   That while walking along the path, he was and had been for the distance of a mile in full view of the persons operating the train, which was running in the same direction he was going; that the employes operating the train negligently failed to either ring the bell or blow the whistle as they approached the crossing, or give a signal or warning of any kind; that they were guilty of negligence in not keeping a lookout for persons on the track, and in running the train at a reckless, dangerous and unusual rate of speed as it approached said crossing.

The appellant answered by general and special exceptions, a general denial, and, specially, that deceased negligently went upon its track and was a trespasser thereon; that appellant's servants saw him on the track, and relied upon the presumption that he would leave it before any injury could occur, and that when they discovered that he did not intend to do so, they used all reasonable and proper care to prevent the injury.

The case was tried before a jury, and, as the charge of the court precluded the grandchildren from recovering, a verdict was returned in favor of the other plaintiffs for $1500, to be divided equally among them, upon which the judgment was entered from which this appeal was prosecuted.

The evidence shows that Wiley Reisden left the house of his daughter, Vianna Bishop, not more than an hour before he was killed, to go to Mr. Armstrong's who lived about a mile from Vianna's residence.   On cross-examination the appellant proposed to prove by Frank Bishop, Vianna's husband, that he heard his wife say after the accident occurred, that just before her father left her house to go to Armstrong's,

she cautioned him about walking on the railway track, and advised him that a passenger train would soon pass along appellant's track over which Wiley then contemplated traveling, and that she told witness that she requested her father not to walk along the track in going from her residence to Armstrong's. To the introduction of which plaintiffs objected, because, first, the same was irrelevant and immaterial, and, second, such evidence was hearsay and as to statements made before the accident. These objections were sustained and the testimony offered not allowed to be introduced. The ruling of the court in excluding the testimony is assigned by appellant as error. The testimony was as to all the plaintiffs, except Vianna, hearsay; but as to her, it was an admission against her interest, in that it showed from what she stated to her father, he knew when he went on the track that the train which collided with him would soon pass over it.

Certain witnesses for plaintiffs testified that the train was running at a speed of about eighteen or twenty-five miles an hour at the time Reisden was killed. This testimony was objected to by appellant, "for the reason that under the circumstances of this case it was immaterial and irrelevant." The objection being overruled, a bill of exceptions was reserved to the ruling, and it is here assigned as error. Under the circumstances of the case, we think the testimony was material in that it tended, in connection with other facts, to show that the speed of the train was not diminished from the time the engineer saw that Reisden would not leave the track until the engine struck and knocked him off.

We do not think that a railroad company in operating its train owes it as a duty to one who is a trespasser on its track between the points where the statutory signal for a crossing should be given and the crossing itself to give such statutory signal. The signal is required for the protection of members of the public who are lawfully on the track at its intersection with the crossing, or who may be about to go on it in the exercise of their right to use such crossing. 2 Rorer on Railroads, 1004, et seq; Railway v. Boozer, 2 U. C., 452; Railway v. Richards, 59 Texas, 377. Therefore the testimony as to whether the road which crossed appellant's track a short distance beyond where Reisden was killed was a public one, or as to whether the statutory signal for a crossing was given, was immaterial and should have been excluded when appellant objected to it on that ground. As the jury might have been lead to believe, from the admission of such testimony, that it was appellant's duty to the deceased to give such signal, and have concluded that the supposed duty was not performed, we cannot say that the such evidence did not prejudice appellant's case.

The court, in the fifth paragraph of its charge, instructed the jury as follows: "A railroad company has the exclusive right to the use of its road-bed and track, and no person has the legal right to travel upon the same without its permission. However, it is the duty of the agents and employes operating the locomotives and trains of the railroad com-

pany to keep a constant lookout for persons who may be wrongfully on its track, and if they should discover a person wrongfully on the track, and if from the acts of such person so wrongfully upon the track such agents and employes operating the locomotive and train have reason to believe that such person is not aware of the near approach of such train, nor about to leave its track, then such agents and employes should resort to every reasonable means at their command to prevent injury to such person." This part of the charge is assigned as error, because, first, it is upon the weight of evidence; second, there is no rule of law which requires railway employes to keep a constant lookout for persons wrongfully upon the track; and, third, such charge devolves upon the defendant's employes a higher degree of care than the law imposes when a person is seen by such employes upon the track. The two first grounds of objection to the charge are well taken. In Railway v. Pendery, 87 Texas, 553, the charge declared as a matter of law, that the failure of the servants of a railway operating a train which collided with a street car, to keep a proper lookout for cars which might be approaching the crossing, was negligence. The Supreme Court, in passing upon the charge, said: "It may be, that from such failure the jury would have been justified in inferring negligence as a fact. It was, however, a question of fact to be inferred by the jury, and the court invaded the province of the jury in instructing them that such failure was negligence." If, as a matter of law, it could not be declared the duty of the operatives of a train approaching a crossing to keep a lookout for cars which might also be approaching it lawfully, it certainly cannot be declared as a matter of law the duty of employes of a railroad company operating a train "to keep a constant lookout for persons who may be wrongfully on its track." Their duty is to use only ordinary care to discover and warn such persons of their danger from approaching trains. Railway v. Watkins, 29 S. W. Rep., 232.

While we recognized this error in considering the case when the opinion affirming the judgment was written, we thought it immaterial for the reason that we had concluded as facts that appellant's servants saw the deceased on the track, and that he was unconscious of his peril, in time, by the use of reasonable care, to have stopped the train and prevented his injury. The evidence upon which these conclusions of fact were formed being conflicting, we made such findings in deference to the verdict of the jury, and as we cannot say that the verdict was based wholly on such evidence, unaffected by the erroneous charge, we now deem it our duty to reverse the judgment on account of such error.

We do not, however, think the third ground of objection to this paragraph of the charge is well taken. Notwithstanding the fact that Wiley Reisden was wrongfully on appellant's track, yet, if the employes operating the train saw him and had reason to believe he was not aware of its near approach, nor about to leave the track, they had no right to presume against such belief that he would leave the track, but it was

their duty, after discovering his peril, not only to use every reasonable means at their command, but to use the greatest precaution to avoid injuring him.   Sanches v. Railway, 88 Texas, 117.   The presumption that one walking upon a railroad track in front of an approaching train will leave it before the engine reaches him, is one of fact and not of law, and if it reasonably appears to the operatives of the train that he will not get off the track in time to prevent a collision, such presumption can no longer be indulged, and it becomes their duty to preserve human life from such apparent danger by the use of every means in their power.   Men cannot lawfully kill on presumptions when they know the grounds for them have ceased.   There may be some doubt as to whether the plaintiffs' pleadings warranted a charge on this phase of the case, but as that is not made a point of objection we need not consider it.

There was no error in refusing to instruct the jury, at appellant's request, that the evidence under the law did not justify or warrant them in finding a verdict for plaintiffs.   Without commenting on the evidence, we unhesitatingly say the case made by the evidence was such as required a submission of the issues involved to the jury.

We do not think the evidence in this case is sufficient to support the verdict in favor of the deceased's adult son and married daughters.   They were in no way dependent on him for a support, and it is not shown that they received or expected anything from him except occasional presents, the value of which is not shown.   Railway v. Johnson, 78 Texas, 356, 15 S. W. Rep., 104; McGown v. Railway, 85 Texas, 289, 20 S. W. Rep., 80; Railway v. Bajlightly, 20 S. W. Rep., 829.

On account of the errors indicated, the motion is granted, and the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*