LEVI WILLIAMS, BY HUGH BOYD, NEXT FRIEND, v. CROSS & EDDY, RECEIVERS, ET AL.

Decided October 26, 1898.

1. **Harmless Error.**

Failure to submit defendant's plea of contributory negligence to the jury could not prejudice plaintiff.

2. **Railways—Crossing Signals—For Whose Benefit.**

Signals are for the protection of those traveling the highways, and one injured at another point can not complain of the refusal of an instruction throwing on the company the burden of showing that the bell rung by them was of thirty pounds weight.

3. **Negligence—Proximate Cause.**

Negligence of a railway company in obstructing a street crossing with cars was not a proximate cause of the injury caused by starting them in motion and striking one standing in a position to be injured thereby.

APPEAL from McLennan. Tried below before Hon. M. SURRATT.

*Eugene Williams,* for appellant.

*T. S. Miller, Clark & Bolinger,* and *James D. Williams,* for appellees.

KEY, ASSOCIATE JUSTICE.—This is a damage suit for personal injuries, against the Missouri, Kansas & Texas Railway Company and Cross & Eddy, receivers. Though the cause of action, if any, arose while the railway was in the hands of the receivers, it is admitted that if the receivers are liable the railway company is also liable.

A train of gravel cars was left standing on a switch in the city of Waco, and the plaintiff, Levi Williams, in the night time, passed under one of the cars of said train, and stopped near the end of the railroad ties, and while there, an engine and some other cars were run into the switch, making a connection with the train of gravel cars. The collision between the moving and standing cars put the latter suddenly in motion, and the plaintiff was struck and his arm broken and injured, as alleged in his petition.

The petition charged negligence in the operation of the connecting

train, especially in the rate of speed and failure to ring the bell and blow the whistle.

The jury returned a verdict for the defendants and the plaintiff has appealed.

There is testimony in the record to support a finding that the defendants were not guilty of the negligence charged in the plaintiff's petition; and we therefore find, as a conclusion of fact, that the defendants were not guilty of the negligence charged.

It is claimed that the court erred in calling the attention of the jury to the defendants' plea of contributory negligence, and then not submitting to the jury the question of contributory negligence. We do not think the plaintiff was injured in this respect. If the pleadings and the evidence raised the issue of contributory negligence (and we think they did), the defendants were entitled to have that issue submitted to the jury; but the failure to submit it did not result in injury to the plaintiff. The court's charge made the plaintiff's right to recover depend upon whether or not the defendants were guilty of negligence. Under the instructions given, if the jury had found the defendants guilty of negligence, it would have been their duty to have returned a verdict for the plaintiff, regardless of the question of contributory negligence. Therefore, the failure to submit that issue was beneficial, and not harmful to the plaintiff.

We do not think the court erred, as complained of in the second assignment of error, in refusing the special charge in reference to the weight of the bell. It is true, there was no testimony concerning the weight of the bell, and the statute requires persons operating railroad trains to blow a whistle or ring a bell of at least thirty pounds weight within a certain distance of public crossings. And it is also true that a public road crossed the railroad track near where the plaintiff was injured, but the plaintiff was not traveling the road nor injured at the crossing.

The statute referred to was enacted for the protection of the public while traveling the public highways, and as to such persons the failure to give the signals required is negligence per se; but as to persons not using the public highway, whether or not such failure would be negligence, is a question of fact for the jury. Railway v. Bishop, 37 S. W. Rep., 764; 2 Rohrer on Railroads, p. 1004.

Without deciding upon which party the burden of proof would rest, to show the weight of the bell, when an injury occurs at a public crossing, we hold in this case that the burden of proof did not rest upon the defendants in that respect.

The plaintiff's petition did not seek a recovery upon the ground that the defendants were guilty of negligence in permitting their cars to stand on a switch in a street in the city of Waco for a longer period of time than was permitted by the ordinances of the city. Futhermore, if the defendants were guilty of negligence in this respect, such negligence was not the proximate cause of the plaintiff's injuries; and for

these reasons, no error was committed in not submitting that question to the jury.

No reversible error has been pointed out, and the judgment will be affirmed.

*Affirmed.*