**L. T. WRIGHT & CO. v. SMITH.** (No. 8116.)

Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1929.

Rehearing Denied Feb. 27, 1929.

George Powell and E. H. Powell, both of San Antonio, for plaintiff in error.

C. E. Barnes, of Beaumont, for defendant in error.

COBBS, J. Defendant in error, J. B. Smith, recovered judgment against L. T. Wright, T. E. George, and Earnest Newman upon vendor's lien notes, with foreclosure of the vendor's lien on 90 acres of land situated in Atascosa county, Tex., with order of sale. The land was sold under an order of sale, and from the proceeds thereof, $227.20 was credited upon the judgment, leaving a balance, principal and interest due on the judgment, of $659.23.

On August 18, 1927, John W. Wilson, an attorney representing defendant in error, made affidavit for writ of garnishment against L. T. Wright Company, alleged to be a corporation having its domicile in Bexar county, Tex., which affiant claimed was indebted to L. T. Wright, plaintiff in error. After the affidavit was made and writ of garnishment issued, at request of John W. Wilson, the affidavit for garnishment and the writ of garnishment was changed from "L. T. Wright Company" to "L. T. Wright & Com-

954

pany" but the affidavit was not resworn to after the change was made. The writ was served on J. T. Haile, president of L. T. Wright Company, in Bexar county, at San Antonio, Tex., on August 29, 1927.

At the December term of the district court of Atascosa county, 1927, L. T. Wright & Co., for the purpose of questioning jurisdiction over it and the proceedings in garnishment, interposed exceptions to the same, which were tried, and overruled. The garnishee did not appear thereafter and filed no answer, and judgment by default was rendered against plaintiff in error for the sum of $659.-23. From this judgment plaintiff in error has perfected its appeal to this court.

The original return of the sheriff showed service upon L. T. Wright Company, and the court allowed exception to the return, and upon motion permitted the return to be amended to show the service was had upon L. T. Wright & Co., a corporation.

■ We do not perceive any error in this ruling. The proper L. T. Wright was served, there is no question about that, and we see no harm that resulted or could have resulted by permitting the amendment to speak the truth. Neither was there any error in refusing the cause to be transferred to Bexar county.

■ There was no error committed by the attorney in having his affidavit corrected to properly state the name of the corporation before its issuance or service. The affidavit stated "that L. T. Wright Company, a corporation, under the laws of the State of Texas, with its principal office in San Antonio, Bexar county, Texas, is indebted to said L. T. Wright," etc. Whether or not the affidavit was sufficient to bind the corporation is not very material here. But it is significant that L. T. Wright was a member of that corporation and it was properly described before service, and no one is misled or deceived.

■ We think the judgment is a valid one, and we overrule the contention that it is not. The defect complained of in the service of the writ of garnishment has no effect on the judgment for money.

■ Counsel was present in court, and plaintiff in error had actual notice of the proceedings and failed to offer any defense that the named judgment was improper, erroneous, or not final and subsisting; and no exception was made to the introduction of the judgment in evidence, and objection was not presented until now, in the twelfth assignment of error herein. The judgment against L. T. Wright was and is a final judgment that supports a valid judgment against the garnishee, L. T. Wright & Co.

■ The service of process upon L. T. Wright was, as shown by the return thereof, by personal service. The authorities all support the doctrine: "When the final judgment of a court of competent jurisdiction has been once solemnly pronounced it ought not to be lightly disturbed."

It must appear not only that injustice results from such judgment, but that defendant was in no way neglectful and not in fault in permitting the judgment to be rendered. So we overrule the contention based upon the eighth proposition and twelfth assignment.

■ It is the affidavit for garnishment that constitutes the basis of the suit and not the writ. The affidavit of garnishment recites that "plaintiff has reason to believe and does believe that L. T. Wright & Company" is indebted to defendant, etc. And while in the corresponding part of the writ the "&" was omitted from the corporate name of garnishee, the said "&" was included in the summons to appear in the same writ of garnishment.

We can see no error committed in correcting the writ so that it spoke the name of the corporation and the truth. It was held up by the clerk so that the correction could be made before the issuance of the writ and before the service was made on the corporation.

Having considered all the assignments and propositions and finding no reversible error, the judgment is affirmed.