**COASTAL BEND MUT. INS. CO. v. McLAREN et al.**

No. 12203.

Court of Civil Appeals of Texas. Galveston.

Oct. 19, 1950.

Roger C. Butler, of Robstown, and Wm. E. North, of Corpus Christi, for appellant.

Johnston & Brown, Sherwood Brown, Jr., and Walter E. Ressel, all of Galveston, for appellees.

GRAVES, Justice.

From an order of the 56th District Court of Galveston County, Texas, overruling its plea of privilege to be sued in Nueces County, Texas, Coastal Bend Mutual Insurance Company appeals.

Appellee sued American Liberty County Mutual Fire Insurance Company upon an alleged windstorm-loss, and joined appellant as a co-defendant, alleging an assumption of such risk by it.

Appellant's plea-of-privilege was controverted by affidavit, but such controverting-affidavit did not incorporate the appellee's original petition. Such petition was not introduced in evidence at the hearing on the plea.

The controverting-affidavit was silent as to any loss, but alleged, among other particulars, that the action might be lawfully maintained under the provisions of sections 28 and 29a of Article 1995, Revised Civil Statutes of the State of Texas, Vernon's Ann.Civ.St. art. 1995, subds. 28, 29a.

The trial court adopted the view of appellee that the action was maintainable against appellant under the exception provided in section 28, or 29a, Article 1995, and accordingly overruled appellant's plea-of-privilege, to which order it excepted, and has here appealed.

At no time during the hearing on appellant's plea-of-privilege and appellee's controverting-affidavit and plea thereto, did the appellant make any motion or exception in writing challenging the sufficiency of the controverting-plea, nor bring any such claim to the attention of the trial court.

Further, the appellee was permitted to show that he sustained a loss under the pro-

visions of the insurance-policy sued upon, and gave due notice thereof.

Appellant's position in this Court, together with its citation of supporting authorities, is thus, in brief resume of it, stated in its brief: "The principal point urged by the appellant is that appellee's controverting affidavit is, under our statute, a sworn pleading, and unless such affidavit makes the petition a part thereof, it must be tested by its own allegations unaided by the petition. Henderson Grain Company v. Russ, 122 Tex. 620, 64 S.W.2d at pages 347, 351, paragraphs two to four. * * * Fair et al. v. Mayfield Feed & Grain Company, Tex.Civ.App., 203 S.W.2d, at page 801. * * * Bender v. Armstrong, Tex. Civ.App., 88 S.W.2d at page 778."

Appellant's position is overruled, and the trial court's judgment is affirmed, for the reason thus, in substance, stated in the appellee's answering brief:

"This Honorable Court's recent holding in Robinson v. Glasse et al., Tex.Civ.App., 188 S.W.2d 598, forecloses this issue adversely to the appellant, and is completely analogous, so that further citation of authority, or laboring of this question, would merely constitute a burden. * * * As said by Chief Justice Monteith, speaking for the Court, in Robinson v. Glasse, supra:

" 'Appellant complains for the first time on this appeal of the insufficiency of appellee Glasse's controverting-affidavit for the alleged reason that he did not plead therein facts constituting his cause of action.'

" * * * * * *

"While the controverting-plea filed by plaintiff in this case neither directly nor indirectly makes the petition in the case a part thereof, appellant did not, prior to the judgment complained of, by motion, exception, or otherwise, attempt to secure the action of the trial court upon the alleged defect in appellee's controverting-affidavit, either as to form or substance.

" * * * * * *

"By his failure to call the trial court's attention to the alleged defect in appellee's controverting-affidavit before the rendition of judgment overruling said plea of privilege, appellant clearly waived his right on appeal to question the sufficiency of said affidavit under said Rule 90, Texas Rules of Civil Procedure."

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.