Margaret A. **TALBERT, Individually and as Administratrix of the Estate of E. H. Talbert, Deceased, et al., Appellants,**

v.

Maria Francisca **HERRERA, Appellee.**

No. 13876.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 31, 1962.

Chas. T. Haltom, Richard Pena, San Antonio, for appellants.

Ronald Smallwood, Karnes City, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the District Court of Bexar County, 37th Judicial District, on December 3, 1953, by Maria Francisca Herrera, a feme sole, and Santiago Herrera, against E. H. Talbert, Charles T. Haltom, and Maria E. Stickelbault, a feme sole, seeking to recover title and possession

of seventeen acres of land, more or less, out of the Domingo Losoya tract, lying and being situated in Bexar County, Texas; and being fully described in the pleadings.

Plaintiff Maria Francisca Herrera's "Second Amended Original Petition," upon which the trial was based, contained all of the usual allegations of a trespass to try title action, and in addition, the following allegations, to-wit:

"On June 6, 1950, Owen W. Kilday, Sheriff of Bexar County, Texas, executed and delivered a Sheriff's Deed to E. H. Talbert, as Grantee, purporting to convey the above described land to said Grantee by virtue of an Order of Sale issued to said Sheriff in Cause No. F–57612 in the 57th District Court of Bexar County, Texas, styled 'Maria E. Stickelbault, et al. v. Maria Francisca Herrera,' and which Order of Sale was issued in said cause by virtue of a judgment rendered in said cause on April 24, 1950. Said deed is recorded in Vol. 2851 on Page 13 of the Deed Records of Bexar County, Texas, to which reference is here made for the purpose of cancellation. Said Sheriff's Deed is void and invalid and casts a cloud upon the title of the Plaintiff, and the same should be cancelled and the cloud cast thereby removed, for the following reasons:

"(a) Said judgment in said Cause No. F–57612 is void and invalid for the reason that one Santiago Herrera was not a party to said suit, and said suit, being a partition suit, could not be prosecuted to a valid final judgment in the absence of said Santiago Herrera being a party to said suit and bound thereby, he being the record owner of a one-half undivided interest in said land prior to the filing of said suit and at all times thereafter to and including the date of the filing of this suit.

"(b) Said judgment in said Cause No. F–57612 is further void and invalid

for the reason that it is not a final judgment, and therefore cannot support nor lend validity to an Order of Sale issued thereunder."

In a trial before the court without a jury the trial court decreed that Maria Francisca Herrera recover from the substituted defendants, Margaret A. Talbert, Individually and as Administratrix of the Estate of E. H. Talbert, Deceased, Eugene W. Talbert, Jack H. Talbert and Mrs. Louise Talbert Winkler, a one-half undivided interest in the seventeen acres, together with the sum of $500.00 as damages, and refused all other relief asked by the parties. In rendering the judgment, the trial court necessarily held that the sale of the seventeen acres by the Sheriff, as well as the judgment in Cause No. F–57612 in the 57th District Court, was void and of no effect. The substituted defendants have prosecuted this appeal.

There is but one question in this case, and that is, whether the judgment in Cause No. F–57612 is absolutely void for want of the necessary and indispensable party, viz., Santiago Herrera. The trial judge made findings of fact and conclusions of law, and as no statement of facts was filed herein, the facts must be accepted as found by the trial court.

From these findings, it is shown that by a judgment rendered on December 15, 1949, in the 57th District Court in Cause No. F–45028, it was decreed that the seventeen acres involved herein was owned as follows: Maria Francisca Herrera and Santiago Herrera a one-half undivided interest, Maria E. Stickelbault a ⅜ths undivided interest, and Charles T. Haltom a ⅛th undivided interest. The finality of this judgment is not questioned in any way, and the ownership of the seventeen acres was settled as above stated.

The trial court's findings of fact Nos. 7 to 14 are as follows:

"7. On April 23, 1950, a judgment was rendered in cause No. F–57,612, in the 57th

District Court of Bexar County, Texas, styled Maria E. Stickelbault, et al. v. Maria Francisca Herrera, being a partition suit to partition the land involved in this suit. Maria Francisca Herrera, the plaintiff in this suit, was the only person named as defendant in the plaintiffs' petition in said cause No. F–57,612, and she was the only person cited in said cause as a defendant. At the time of the rendition of said judgment said Santiago Herrera, referred to in the previous findings, was the record owner of an undivided interest in said land, both by virtue of the deed from Joseph Stickelbault to Maria Francisca Herrera and Santiago Herrera, and the final judgment in said cause No. F–45,028. Said Maria Francisca Herrera and Santiago Herrera jointly filed an original answer in said partition suit. Said answer did not seek any affirmative relief, nor constitute a cross-action or counter-claim against the plaintiffs. Santiago Herrera did not file an intervention petition in said partition suit.

"8. An order of sale issued in said cause No. F–57,612, directing the sheriff of Bexar County, Texas, to sell said land, pursuant to the terms of the judgment therein, and to pay over the proceeds of said sale to the plaintiffs and 'defendants', as their interests were established by the partition judgment (which adjudged Santiago Herrera to be the owner of a ⅛th undivided interest in the land). On June 6, 1950, Owen W. Kilday, the sheriff of Bexar County, Texas, sold said land to E. H. Talbert, and on said date executed and delivered to him a sheriff's deed, purporting to convey said land to said Talbert, such sheriff's deed being recorded in Book Volume 128, pages 13–15, of the Deed Records of Bexar County, Texas. The purchase price paid by said E. H. Talbert at said sheriff's sale was $613.64. Said sheriff paid over to Maria E. Stickelbault and Charles T. Haltom one-half of such purchase price, $306.82, and deposited the remaining $306.82 in the registry of the court.

"9. After said sheriff's sale, E. H. Talbert was placed in exclusive possession of the land by the sheriff of Bexar County, Texas, and said Talbert, until the time of his death, and the other defendants herein, after his death, remained in exclusive possession of said land and are still in exclusive possession thereof, to the exclusion of plaintiff.

"10. After said sheriff's sale this suit was instituted by Maria Francisca Herrera and Santiago Herrera, as plaintiffs, against E. H. Talbert, as defendant, to cancel said sheriff's deed to E. H. Talbert, to adjudge the judgment and sale in said cause No. F–57,612 null and void, to recover the title and possession of said land, and to recover damages from the defendant, E. H. Talbert.

"11. Said defendant, E. H. Talbert, died intestate in Bexar County, Texas, on November 4, 1958. Administration proceedings are pending upon his estate, being cause No. 100,919 in the County Court of Bexar County, Texas. Margaret A. Talbert, the wife of said decedent, is the duly appointed Administratrix of said estate. The defendants, Eugene W. Talbert, Jack H. Talbert, and Mrs. Louise Winkler, (whose husband is the defendant, C. W. Winkler) are the only heirs of E. H. Talbert, and they, together with said Margaret A. Talbert, are the only persons inheriting from said E. H. Talbert. A suggestion of the death of E. H. Talbert was then filed herein. The plaintiff, Maria Francisca Herrera, was granted scire facias and leave to file an amended petition making the wife and heirs of E. H. Talbert parties defendants to this suit. Thereafter, the plaintiff, Maria Francisca Herrera, having acquired all of the interest of Santiago Herrera in the property involved, filed her second amended original petition against all of the defendants, aforesaid, and said defendants were cited and made their appearances herein.

"12. After the filing of this suit, and on March 29, 1955, Hart McCormick, the District Clerk of Bexar County, Texas, issued a treasury warrant payable to said Maria Francisca Herrera and Santiago Herrera.

for the sum of $306.82, in said cause No. F–57,612, being the amount of money remaining on hand with said district clerk as the proceeds of the sheriff's sale above referred to, and which treasury warrant was endorsed and cashed by said Maria Francisca Herrera and Santiago Herrera.

"13. The plaintiffs herein, (and Maria Francisca Herrera alone, as plaintiff, after Santiago Herrera deeded his interest to her) have tendered and at all times stood ready and willing to refund and repay said sum of $306.82 or such other sums as the court might adjudge, to the defendants, and have offered and stood ready and willing to do all equity which the court might require, as shown by their pleadings herein.

"14. The plaintiff, Maria Francisca Herrera, adjudged by the judgment herein to be the owner of one-half undivided interest in the land involved, and awarded a recovery of such one-half undivided interest, has suffered damages, as a result of having been wrongfully excluded from possession of the land by the defendants, in the sum of $500.00, after giving defendants credit for the sum of $306.82 received by Maria Francisca Herrera and Santiago Herrera from the district clerk, as aforesaid, and after giving the defendants credit for the valuable improvements made by them on the land involved."

Based upon these findings the trial court concluded as a matter of law, as follows:

"3. Santiago Herrera was a necessary and indispensable party to cause No. F–57,612 in the 57th District Court of Bexar County, Texas (the partition suit), he then being the record owner of an undivided interest in the land involved.

"4. Said Santiago Herrera was not made a party and never became a party to said cause No. F–57,612.

"5. The judgment in cause No. F–57,612 in the 57th District Court of Bexar County, Texas, as well as the sheriff's sale and sheriff's deed to E. H. Talbert thereunder, are void."

█ The trial court erred in finding that Santiago Herrera was not a party to Cause No. F–57612, and that therefore the judgment and sheriff's deed were void. Santiago Herrera joined Maria Francisca Herrera, a named defendant, in filing an answer in Cause No. F–57612. He was a necessary and indispensable party to this suit. He was awarded the same interest in the seventeen acres as had already been awarded to him in Cause No. F–45028. He and Maria Francisca Herrera accepted their share of the proceeds of the sheriff's sale. It is true that they did this after they had filed the suit at bar, and in an amended pleading filed thereafter tendered back such proceeds. However, Santiago Herrera, having made his appearance in the case by filing an answer, and having had his interest which had been previously adjudged set aside to him, and having accepted his share of the proceeds derived from the sale of the land, will not now be heard to say that he was not a party to the suit. By filing an answer he made himself a party to the suit. 6 Tex.Jur.2d p. 12, Appearance, § 9. It is contended that he was not named as a defendant in plaintiff's petition. He was a necessary and indispensable party to the suit, and under the provisions of Rules Nos. 67 and 90, Texas Rules of Civil Procedure, we may presume that this defect in the pleadings was either corrected or waived by the parties. When Santiago Herrera accepted and retained his share of the proceeds of the sheriff's sale, he estopped himself to contend that he was not a party to the suit. Marshall v. Lockhead, Tex.Civ. App., 245 S.W.2d 307.

The judgment is reversed and the cause remanded.