**FRANKFURT'S TEXAS INVESTMENT CORP., Appellant,**

v.

**TRINITY SAVINGS & LOAN ASSOCIATION et al., Appellees.**

No. 16804.

Court of Civil Appeals of Texas.

Dallas.

March 3, 1967.

Rehearing Denied March 31, 1967.

Wayne A. Melton and David S. Curtis, Dallas, for appellant.

Warren Whitham, Oscar Mauzy, William Andress, Jr., Robert Damron, Dallas, for appellees.

DIXON, Chief Justice.

Our former opinion is withdrawn and the following opinion is substituted.

This is an appeal from a summary judgment in a garnishment suit filed by appellant Frankfurt's Texas Investment Corporation, hereinafter referred to as Frankfurt's Texas, against Trinity Savings & Loan Association, hereinafter referred to as Trinity. Appellant sought to attach funds on deposit with Trinity in a savings account styled "C. Lynne Development Corporation and Victor Frankfurt, Trustee, or David Lee Frankfurt." C. Lynne Development Corporation will hereinafter be referred to as C. Lynne.

Trinity answered that it had on hand a balance of $28,114.11 in said account at the time of filing its answer. Trinity inter-

pleaded several parties,[1] asked the court to determine the merits of their claims and to order payment of fund to the proper claimants.

At one time W. Ernest Wesch individually claimed an interest in Account No. 2469 but before the rendition of judgment he disclaimed any interest in the fund.

At the trial all claimants, including appellant, filed motions for summary judgment. Thereafter the court sustained motions for summary judgment of certain of the claimants and directed that the fund be distributed as follows:

(1) To garnishee, its costs, including an attorney's fee of $750.

(2) To S. G. Pappas and Mrs. Katherine Semos, $6,803.94 in payment of a prior judgment.

(3) To Philip Wilson, $5,698 in payment of a note secured by an assignment of part of the deposit.

(4) To appellant, the balance of the deposit amounting to approximately $15,500.

In determining the priority of the above claims the court applied the well established rule that in garnishment proceedings allowable claims which are prior in time are prior in right of payment. Harrell v. Mexico Cattle Co., 73 Tex. 612,

11 S.W. 863; Armengol v. Richter, Tex. Civ.App., 141 S.W. 1028 (writ dism.); Megargel Drilling Co. v. City Nat'l Bank in Wichita Falls, Tex.Civ.App., 352 S.W.2d 796 (ref. n. r. e.).

Only Frankfurt's Texas has appealed. And its appeal is limited. In its brief appellant says, "To the extent this judgment allowed the claims of S. G. Pappas and Mrs. Katherine Semos, and Philip Wilson, to be classified on a priority superior to that of Frankfurt's Texas Investment Corp., Appellant herein, this appeal has been perfected * * *."[2] In its brief Frankfurt's Texas prays that the judgment of the trial court be reversed and rendered, or in the alternative that the cause be remanded for a new trial.

The parties stipulated that all papers and instruments filed in certain numbered causes in various district courts of Dallas County on or before December 2, 1965 were before the court in the instant case for all purposes subject to legal objections as to relevancy. These causes were either main suits or garnishment suits involving C. Lynne. The said papers and instruments have now been brought forward into the record before us on this appeal.

In points on appeal appellant takes the position that the court erred in rendering judgment in favor of Philip Wilson (1) because Wilson's claim is not supported by the pleadings or established by any form of

---

1. The parties impleaded by Trinity are as follows:
   1. S. G. Pappas and Mrs. Katherine Semos, individually and as Independent Executrix of Estate of Tom Semos, Deceased.
   2. C. Lynne Development Corporation, W. Ernest Wesch, President.
   3. Frankfurt's Texas Investment Corporation (Victor Frankfurt, President).
   4. Philip Wilson, holder of note and assignment.
   5. Victor Frankfurt, individually and as trustee for C. Lynne Development Corporation.
   6. David Lee Frankfurt, individually and as trustee for C. Lynne Development Corporation.

7. W. Ernest Wesch individually, holder of note.
   W. Ernest Wesch owned 500 shares and his wife one share of stock in C. Lynne.
   Victor Frankfurt owned 450 shares and his daughter 50 shares of stock in C. Lynne.
   The Board of Directors of C. Lynne consisted of W. Ernest Wesch, his wife and Don Robert Wesch. None of the Frankfurts was a director.

2. The attorneys who now represent appellant did not represent appellant in the trial court. They have come into the case since the appeal was perfected.

proof; and (2) because Wilson's assignment of rights to the savings account is not valid.

Wilson's answer and plea in intervention are indeed in certain particulars defective as pleadings in a suit on a note secured by an assignment of interest. And in appellant's answer to Wilson's petition these defects were specifically described in a plea in abatement and a motion to dismiss. It was pointed out that Wilson's pleading failed to allege that the note was unpaid, or the date when due, or that demand for payment had been made. The note was not fully described nor was a copy of it attached to or made a part of the pleading.

■ But appellant's plea and motion apparently were never presented to the court for determination. Certainly the record contains no order showing that the court ever acted on them, or refused to act on them. Therefore, under Rule 90, Vernon's Texas Rules of Civil Procedure, they must be considered as waived and appellant will not now be heard to complain of the defects in Wilson's pleading. Rule 90, T.R.C.P. expressly states:

> "Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and *brought to the attention of the judge in the trial court before * * * the rendition of judgment,* shall be deemed to have been waived by the party seeking reversal on such account." (Emphasis ours.)

Both Rules 90 and 67, T.R.C.P. have been held to be applicable to situations similar to that which we have here. Hall v. Fowler, Tex.Civ.App., 389 S.W.2d 730 (no writ hist.); Olivares v. Service Trust Co., Tex.Civ.App., 385 S.W.2d 687 (no writ hist.); Hilley v. Hilley, Tex.Civ.App., 305 S.W.2d 204 (ref. n. r. e.); Andrews v. Austin Motor Truck Co., Tex.Civ.App., 259 S.W.2d 772 (no writ hist.); Murchison v. Post Ind. School Dist., Tex.Civ.App., 258 S.W.2d

229 (ref. n. r. e.); Employers Mutual Casualty Co. v. Lee, Tex.Civ.App., 352 S.W.2d 155 (no writ hist.); Weisenberger v. Lone Star Gas Co., Tex.Civ.App., 257 S.W.2d 331 (dism.); Coastal Bend Mutual Ins. Co. v. McLaren, Tex.Civ.App., 234 S.W.2d 116 (no writ hist.); Dillingham v. Associated Employers Lloyds, Tex.Civ.App., 233 S.W.2d 191 (no writ hist.); Stalnaker v. Howard, Tex.Civ.App., 230 S.W.2d 563 (dism.); Robinson v. Glasse, et al., Tex.Civ.App., 188 S.W.2d 598 (no writ hist.); Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Johnson v. Miller, Tex.Civ.App., 173 S.W.2d 280, 283, aff. 142 Tex. 228, 177 S.W.2d 249.

■ Rule 90 is applicable when a party, though he files exceptions, or motions, or a plea in abatement, does not bring his exceptions or motions, or plea in abatement to the attention of the judge, and no order is entered by the court disposing of them. Kirkman v. Alexander, Tex.Civ.App., 280 S.W.2d 365 (ref. n. r. e.) (plea in abatement); Lozano v. Kazen, Tex.Civ.App., 313 S.W.2d 894, 897 (no writ hist.); Polk v. Grogan's Wholesale & Retail Lumber, Tex.Civ.App., 325 S.W.2d 201, 207 (no writ hist.); Webb v. Mitchell, Tex.Civ.App., 371 S.W.2d 754, 761 (no writ hist.); Talbert v. Herrera, Tex.Civ.App., 353 S.W.2d 948 (no writ hist.); Smith v. Pulliam, Inc., Tex.Civ.App., 388 S.W.2d 329 ref. n. r. e., Tex., 394 S.W.2d 791). The rule is applicable to suits on a promissory note, Continental Nat'l Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928. Appellant's point that appellee Wilson's pleadings are defective is overruled.

However, we must agree with appellant's contention that Wilson's claim and summary judgment have not been established by any form of proof. In this case the judgment recites that the court heard and considered "the pleadings, depositions, admissions, stipulations and papers and instruments filed in connected cases so stipulated, affidavits on file in this cause, mat-

ters which the court may notice judicially and the statments of counsel * * *."

No affidavits, depositions, or other documents were filed by Wilson in support of his motion for summary judgment. The defects in his pleading would not alone be sufficient to defeat his motion for summary judgment if his motion had support in the evidence; Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233, 237 (1956); Gonzales v. T.E.I.A., 408 S.W.2d 521 (Tex.Civ.App., Eastland, 1966); but pleadings alone without any supporting evidence will not support a summary judgment. Dillon et ux. v. Greenville Hospital Authority, 404 S.W.2d 956, 958 (Tex.Civ. App., Dallas, 1966); Texas State Board of Registration for Professional Engineers v. Trimble, 366 S.W.2d 124, 126 (Tex.Civ. App., El Paso, 1963, no writ hist.). It has been held that in a summary judgment proceeding where neither the original note nor a certified or sworn copy thereof was attached to plaintiff's pleadings or motion for summary judgment a defendant's general denial alone will raise an issue of fact as to whether plaintiff is the present owner and holder of the note unless plaintiff produces and offers the note sued on. Alexander v. Houston Oil Field Material Co., 386 S.W.2d 540, 543 (Tex.Civ.App., Tyler, 1965, writ ref. n. r. e.).

Wilson claims that an admission made by C. Lynne in a pleading entitles Wilson to judgment. The alleged admission is as follows:

"That on the 2nd day of June, 1965, C. LYNNE DEVELOPMENT CORP. pledged savings share account No. 2469 and physically delivered the certificate and passbook evidencing said account to Philip Wilson of Brady, Drake & Wilson to secure the payment of a Promissory Note in the sum of $5,000.00 contemporaneously authorized by the Board of Directors."

We cannot agree with Intervenor Wilson for two reasons:

1. The alleged admission did not state that Wilson was still the owner or holder of the note at the time the pleading was filed on August 26, 1965 or on the date of the trial, or the due date of the note or that it had not been paid.

2. Even if the allegation were to be accepted as a complete admission by C. Lynne, it would not be binding on appellant Frankfurt's Texas. Opryshek v. McKesson & Robbins, Inc., 367 S.W.2d 357 (Tex.Civ. App., Dallas, 1963); Justin McCarty, Inc. v. Ash, 18 S.W.2d 765, 768 (Tex.Civ.App., Beaumont, 1929, no writ hist.); St. Louis S. W. Ry. Co. of Texas v. Bishop et al., 14 Tex.Civ.App. 504, 37 S.W. 764, 765 (1896, no writ hist.).

We sustain appellant's point that Intervenor Wilson's claim is not supported by any evidence.

In its second point appellant asserts that there is a fact issue with reference to the validity of the assignment to Wilson of part of Account No. 2469. In an unsworn pleading to Wilson's claim appellant alleges that the Board of Directors of C. Lynne did not meet on June 2, 1965, therefore any alleged assignment to Wilson by the Board on that date is void. We find no evidence in the record before us to support appellant's pleading. However, neither do we find any evidence binding on appellant in the record to support Wilson's allegation in his unsworn pleading. Neither of the two unsworn pleadings, one an affirmation, the other a denial, is supported by evidence. The burden was on Wilson as movant to show that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup.1965). This he failed to do. Appellant's second point is sustained. However, it should be understood that in sustaining the point we are

not holding that Wilson's assignment was invalid. We are simply holding that Wilson as movant in this summary judgment proceeding failed to sustain the burden which was on him to prove the validity of the assignment.

In its third point on appeal appellant attacks the court's holding that the interest of Frankfurt's Texas in the savings account in question was secondary to the interests of the interpleaded S. G. Pappas and Mrs. Katherine Semos. The basis for this contention is that the said account is in the nature of a trust fund for the specific benefit of Frankfurt's Texas and trust funds are not subject to garnishment.

The undisputed evidence is contrary to appellant's contention. In 1962 Frankfurt's Texas loaned C. Lynne $100,000 evidenced by a note. The $28,114.11 on deposit with Trinity in Account No. 2469 was part of this loan. Victor Frankfurt says that he and his son were made "trustees" in order to see that the money was spent in connection with the development of a real estate addition owned by C. Lynne. The money was to be paid out only upon the joint signatures of W. Ernest Wesch, C. Lynne's president, and either Victor Frankfurt or his son.

■ As the trial court viewed the matter and as we view it, title to the money in controversy belonged to C. Lynne, not Frankfurt's Texas. When money is loaned it becomes the property of the borrower. In this case the alleged trust arrangement has nothing to do with title or ownership of the fund. It simply provided a procedure for withdrawing the money.

■ That money on deposit in Account No. 2469 is not a trust fund in the sense now contended by Frankfurt's Texas is evidenced by its affidavit for garnishment after judgment. This pleading, together with the judgment in the main suit, is the basis for appellant's suit, King v. Tom, Tex.Civ. App., 352 S.W.2d 910 (no writ hist.); L. T. Wright & Co. v. Smith, Tex.Civ.App., 13 S.W.2d 953 (dism.); Stevens v. Simmons, Tex.Civ.App., 61 S.W.2d 122 (Syl. 8).

In its affidavit for garnishment Victor Frankfurt, one of the alleged trustees and the president of Frankfurt's Texas, swore that Frankfurt's Texas had a money judgment for $25,500 against C. Lynne and "that *the only assets belonging to said Defendant,*" is a savings account on deposit with Trinity, "being account No. 2469." (Emphasis ours.) Not a word is said in the affidavit about any claim that Frankfurt's Texas owned a trust interest in the fund.[3] Since the fund, according to appellant's own affidavit, belonged to C. Lynne it was subject to garnishment by C. Lynne's creditors, including appellant, irrespective of the name in which the deposit stood.

3. The material allegations in appellant's affidavit for garnishment are as follows:
"Comes now Frankfurt's Texas Investment Corporation * * * and applies for a Writ of Garnishment against Trinity Savings and Loan Association, * * * Garnishee, and upon oath, through its president and agent, Victor Frankfurt, says that *Plaintiff has heretofore in Cause No. 77570–G/A, in this Court, obtained a judgment against C. Lynne Development Corporation, * * *. Said judgment rendered in Cause No. 77570–G/A is in the amount of Twenty-Five Thousand Five Hundred ($25,500.- 00) Dollars, plus interest thereon at ten per cent (10%) per annum from February 28, 1963, until same is paid, plus one-half the costs of Court in said action,* totalling in the aggregate approxi-
mately Thirty-One Thousand ($31,000) Dollars. Said judgment is final, valid, and subsisting and remains wholly unsatisfied.
"The said Defendant, C. Lynne Development Corporation, has not, within Affiant's knowledge, property in it's possession within this State, subject to execution, sufficient to satisfy said judgment. *To the best of Affiant's knowledge and based upon sworn testimony in Cause No. 77570–G/A, Affiant believes that the only assets belonging to said Defendant, is a savings account on deposit with Trinity Savings & Loan Association, Garnishee, being Account No. 2469,* and containing an approximate present balance of Twenty-Eight Thousand ($28,000.00) Dollars." (Emphasis ours.)

Stevens v. Simmons et al., Tex.Civ.App., 61 S.W.2d 122 (no writ hist.).

■ We must hold that the suit and judgment upon which the garnishment of Frankfurt's Texas depends involved only an ordinary suit and judgment for debt, no claim being made that Account No. 2469 was encumbered in favor of Frankfurt's Texas. We have reached this conclusion because:

(1) Appellant's affidavit for garnishment so shows.

(2) The record in Cause No. 77,570–G/A was before the trial court and considered by the court; and in the present garnishment suit the court refused to recognize appellant's belated and inconsistent claim that the garnisheed deposit is a trust fund. The trial court may take judicial notice of the proceedings and judgment in the main suit. See McCormick & Ray, "Texas Law of Evidence," Vol. 1, p. 204 and cases there cited.

(3) Neither Victor Frankfurt, as alleged trustee, nor his son, David Lee Frankfurt, as alleged trustee, has appealed from the adverse judgment.

, Appellant admitted in oral argument that his position involves inconsistencies. If we were to hold that Account No. 2469 is a trust fund according to appellant it would not be subject to any of the garnishment judgments awarded in this case, including the judgment awarding appellant approximately $15,500 under its garnishment. Appellant is thus undertaking to do the very thing which it says Pappas and Mrs. Semos and Wilson have no right under the law to do. Appellant's third point is overruled.

■ In its fourth point appellant complains because Trinity did not interplead the other claimants in an earlier suit for garnishment after judgment in which Pappas and Mrs. Semos were awarded judgment. This point cannot be sustained. There has been no appeal from the judgment denying Frankfurt's Texas a recovery against Trinity and allowing Trinity its costs including an attorney's fee. In this case the court entered a temporary injunction, which was later made permanent, whereby Pappas and Mrs. Semos were restrained from causing execution to issue to enforce their earlier garnishment judgment. The purpose of said injunction was to maintain the money in Account No. 2469 intact until the court in this case could determine the merits and priorities of the various claims. Appellant has in no way been harmed because of Trinity's failure to implead appellant in the earlier garnishment suit. Appellant's fourth point is overruled.

The judgment in favor of S. G. Pappas and Mrs. Katherine Semos is affirmed.

Because there is no proof to support the judgment in favor of Philip Wilson said judgment is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

Affirmed in part and reversed and remanded in part.