**Albert E. KUEHNERT, Appellant,**

v.

**Bill ONG, Appellee.**

**No. 14269.**

Court of Civil Appeals of Texas.

Houston.

Dec. 19, 1963.

Rehearing Denied Jan. 9, 1964.

Sonfield & Sonfield; Robert L. Sonfield, Houston, for appellant.

Donald Peters, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment. Appellant, a licensed auctioneer, sued appellee to recover the amount of a bid made for certain real estate at an auction conducted by appellant. Appellee bid $20,100.00 for the real estate and was announced as the purchaser. By the terms of the rules and regulations governing the

auction, he was then required to post 20% of that sum, $4,045.00, as a deposit, which he failed to do. This suit resulted.

In the sworn petition on which appellant went to trial, he alleged these facts, and further alleged:

Plaintiff says that he is a duly licensed Real Estate Broker; that, however, being a duly licensed auctioneer by the State of Texas, Harris County, and the City of Houston, Texas, he was and is exempt from the provisions of what is termed "The Real Estate License Act," being Article 6573a of Vernon's Civil Statutes of Texas, and may not be required to also have a license as a Real Estate Broker or Real Estate Salesman. Plaintiff further says that he was exempt from the provisions of such law under Section 6 [1] thereof, wherein it is provided that "the provisions of this Act shall not apply to the advertising, negotiation or consummation of any purchase, sale, rental or exchange of, or the borrowing or lending of money on, real estate by any person, firm or corporation when such person, firm, or corporation does not engage in the activities of a Real Estate Broker as an occupation, business or profession on a full or part-time basis." Plaintiff was and is further exempt from the provisions of such law under Section 6 [3] wherein it is provided that "the provisions of this Act shall not apply to any person acting as attorney-in-fact under a duly executed power of attorney from the owner authorizing the final consummation by performance of any contract for the sale, leasing, or exchanging of real estate * * *.

Appellee filed an unsworn answer and a motion for summary judgment with affidavits in support thereof, setting up as a defense the fact that appellant was not licensed as a real estate broker on the date of the sale.

Appellant also filed a motion for summary judgment and an affidavit containing this paragraph:

This affiant further says that he had been engaged in the business of an auctioneer for some time prior to the sale in question; that, however, he had never before sold any real property at any auction sale; that this was the first sale at which real property was sold; and, that he had never theretofore engaged in the business of a real estate broker or agent on either a full or part-time basis.

The Real Estate License Act, Art. 6573a, Vernon's Ann.Civ.St., provides:

"Sec. 4. The following terms shall, unless the context otherwise indicates, have the following meaning:

"(1) The term 'Real Estate Broker' shall mean and include any person who, for another or others and for compensation or with the intention or in the expectation or upon the promise of receiving or collecting compensation:

\* \* \* \* \* \*

"(f) Auctions, or offers or attempts or agrees to auction real estate;

\* \* \* \* \* \*

"Sec. 5. Any one act set out in Section 4, Subdivision (1), when performed for another or others for compensation or valuable consideration or with the intention or in the expectation or upon the promise of receiving or collecting compensation shall constitute a person, partnership, association, or a corporation performing, offering or attempting to perform such act or acts, a Real Estate Broker or a Real Estate Salesman within the meaning of this Act.

"Sec. 6. \* \* \*

\* \* \* \* \* \*

"(3) The provisions of this Act shall not apply to any person acting as at-

torney-in-fact under a duly executed power of attorney from the owner authorizing the final consummation by performance of any contract for the sale, leasing, or exchanging of real estate, nor shall this Act be construed to include in any way services rendered by an attorney at law, nor shall it be held to apply to the acts of any person while acting as an escrow holder, receiver, trustee in bankruptcy, administrator or executor, or to any person doing any of the acts specified in this Act under order of any court, nor to apply to the trustee acting under a trust agreement, deed of trust or will, nor to the regular salaried employees thereof, nor shall this Act apply to public officers or employees while performing their duties as such.

\* \* \* \* \* \*

"Sec. 19. No person or company may bring or maintain any action for the collection of compensation for the performance in this State of any of the Acts set out in Subdivision (1) of Section 4 hereof without alleging and proving that the person or company performing the brokerage services was a duly licensed Real Estate Broker or Salesman at the time the alleged services were commenced."

These provisions, or provisions having substantially the same wording, were contained in the original Act of 1939, Vernon's Annotated Texas Statutes, Cumulative Supplement, 1939, p. 884. From time to time this Act was amended and in the revision of 1955 the 54th Legislature added certain provisions, including the following:

"Sec. 6. (1) The provisions of this Act shall not apply to the advertising, negotiation or consummation of any purchase, sale, rental or exchange of, or the borrowing or lending of money on, real estate by any person, firm, or corporation when such person, firm or corporation does not engage in the activities of a Real Estate Broker as

an occupation, business or profession on a full or part-time basis."

■ Since Sec. 6(1) exempts appellant from the provisions of the Real Estate Dealer's Act unless he is engaged in the activities of a real estate broker as an occupation, business or profession on a full or part-time basis, the definitions contained in the Act cannot be considered in determining whether or not he is, in fact, a real estate broker. It seems clear that the legislature intended that no one be required to secure a license as a broker unless with some degree of regularity he engaged in activities concerned with the sale, lease, or rental of real estate either as the sole, or a supplementary, source of income.

■ Appellant, by his sworn petition, has alleged that at the time of the sale in question he did not engage in the activities of a real estate broker as an occupation, business or profession on a full or part-time basis. It follows that, since an issue of fact has been raised by the pleadings, which was not conclusively resolved in favor of appellee by facts appearing in his affidavits, appellee's motion for summary judgment should have been denied. Butler v. Summers, 151 Tex. 618, 253 S.W.2d 418; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929.

Appellant's motion for summary judgment was properly denied by the trial court. The fact that appellant had never previously sold, or attempted to sell, real estate for a compensation would not show conclusively that at the time he listed his first parcel of real estate for sale he was not in the business of selling real estate. One sale of real estate for a commission would be evidence that the person making the sale was in the business of selling real estate. Breeding v. Anderson, 152 Tex. 92, 254 S.W.2d 377. Appellee did not controvert the facts relating to appellant's business, occupation or profession, as set out in appellant's affidavit, but these facts are not sufficient to establish conclusively that ap-

pellant did not intend to enter the business or occupation of a real estate broker on a part-time basis when he contracted to sell the parcels of real estate listed on the notice of sale attached to plaintiff's petition. The affidavit does not negative a regular course of activity concerned with the sale, lease; or rental of real estate thereafter.

There is nothing in the contract between appellant and the owner of the real estate to indicate that it was intended to be, or effective as, a power of attorney. The words "attorney", "attorney in fact", or "power of attorney" were not used. Appellant was not authorized expressly to execute a deed conveying the real estate to a purchaser, and the contract was not acknowledged. Exception 6(3) to Article 6573a, V.A.C.S., will not support appellant's position. Brouse v. Miers, Tex.Civ.App.; 261 S.W.2d 734, rev. on other grounds, 153 Tex. 511, 271 S.W.2d 419; Juliani v. Fitz-Gibbon, Tex.Civ.App., 234 S.W.2d 448.

The judgment of the trial court is reversed and the cause is remanded.