W. C. DILLON et ux., Appellants,

v.

GREENVILLE HOSPITAL AUTHORITY, Appellee.

No. 16737.

Court of Civil Appeals of Texas.

Dallas.

June 10, 1966.

Ralph M. Hall, Rockwall, for appellants.

Clark & Clark, Greenville, for appellee.

BATEMAN, Justice.

Appellants W. C. Dillon and wife sued for damages on account of bodily injuries sustained by Mrs. Dillon as she and her husband, who had just been discharged as a patient therein, were leaving the hospital operated by the appellee Greenville Hospital Authority. A motion for summary judgment filed by appellee, on the ground that the hospital was a charitable, nonprofit institution and consequently immune from liability for its negligence, was sustained. Appellants present a single point of error on appeal, claiming that there was a genuine issue as to appellee's liability for its negligence in retaining an employee who knew, or should have known, of a condition of danger on the hospital premises and failed to correct it.

Perhaps the leading Texas case establishing the immunity of charitable institutions from liability for injuries to beneficiaries of the charity, as well as to strangers sustaining no relation to the charity, is Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749. The doctrine of immunity announced therein was approved recently in Watkins v. Southcrest Baptist Church, Tex.Sup. 1966, 399 S.W.2d 530. In concurring and dissenting opinions, 399 S.W.2d 535–536, it is indicated that the court may hereafter abolish the doctrine, but until then, following the majority in *Watkins,* we hold that appellee in this case is immune unless the case can be said to fall within an exception to the general rule.

Appellants say the summary judgment against them should be reversed because the case comes within an exception to the *Clayton* rule, which appellants say is that if the charitable institution was negligent in retaining in its employment an employee who knew, or in the exercise of ordinary care should have known, of a condition of danger on the hospital premises and failed to correct it, the charity is liable for those injuries proximately caused by such negligence.

Attached to appellee's motion for summary judgment were an affidavit and certified copies of ordinances establishing that appellee was a charitable, nonprofit institution. Appellants filed a response to that motion but did not attach thereto or file therewith any affidavits, depositions or admissions tending to establish the exception relied upon. They merely *allege* that appellee was negligent "in continuing the services of an agent, servant, or employee who knew of or should reasonably have known of, said defects complained of and failing to abate said defects." They do not allege who that agent, servant or employee was, or what authority or responsibility he had in the matter of correcting defects in the appellee's hospital premises. The trial court was given nothing in the nature of proof to indicate that any such person knew or should have known of a defective condition

on the hospital premises, or even that a defective condition existed, or that his knowledge, which he had or should be charged with, coupled with a failure to correct the condition, was a proximate cause of Mrs. Dillon's injuries. In summary judgment procedure, the presence or absence of a genuine issue of material fact cannot be shown by mere pleadings, but must be shown by depositions, admissions, affidavits, or the like. Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, 838, wr. ref.; Gulf, Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S. W.2d 492, 500.

The court properly sustained the appellee's motion for summary judgment, and it is, therefore,

Affirmed.