**Ralph E. TUNNELL et ux., Petitioners,**

v.

**OTIS ELEVATOR COMPANY et al., Respondents.**

**No. A–11435.**

Supreme Court of Texas.

June 22, 1966.

Rehearing Denied July 13, 1966.

**308**

Huff & Bowers, Robert W. Gauss, with above firm, Lubbock, for petitioners.

Crenshaw, Dupree & Milam, Max C. Addison, with above firm, Lubbock, for respondents.

PER CURIAM.

The opinion of the Court of Civil Appeals in this case is reported in 400 S.W.2d 781 (1965). The application for writ of error is refused, no reversible error. Rule 483, Texas Rules of Civil Procedure. This action is not, however, to be taken as an approval of the holding of the Court of Civil Appeals that a charitable organization engaged in non-charitable, profit-making activities is entitled to immunity from tort liability under the rule of law announced in Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749 (1943) and followed in Watkins v. Southcrest Baptist Church, 399 S.W.2d 530 (Tex.Sup.1966).

The trial court granted a motion for summary judgment in favor of respondent, Northwest Texas Conference of the Methodist Episcopal Church. The claim against respondent, Otis Elevator Company, was severed and a final judgment was entered on November 4, 1963. No appeal was taken from this judgment. On May 11, 1964, a judgment nunc pro tunc was entered declaring the earlier judgment to be interlocutory in nature and purporting to merge the same into one final judgment. It is from this latter judgment that the petitioners have perfected an appeal.

 It is well settled that a judicial error cannot be corrected by a judgment nunc pro tunc. Perkins v. Dunlavy, 61 Tex. 241 (1884); Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912). There is nothing in the record to show that the judgment of November 4, 1963 has been vacated or set aside, nor do any grounds justifying vacation appear in the record. The judgment is therefore valid and subsisting until set aside by bill of review. Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819 (1936); Mullins v. Thomas, 136 Tex. 215, 150 S.W.2d 83 (1941); Bridgeman v. Moore, 143 Tex. 240, 183 S.W.2d 705 (1944). No appeal having been taken, this Court is without jurisdiction to consider any assignments of error other than those presented in the appeal from the judgment of May 11, 1964.