**William W. EPPS, Appellant,**

v.

**TEXAS BUILDERS DEVELOPMENT CO. et al., Appellees.**

No. 7901.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 29, 1968.

Rehearing Denied Nov. 26, 1968.

Burt Berry, Dallas, for appellant.

Barnett M. Goodstein, Dallas, for appellees.

6. See Note, 51 Col.Law Review 816 (1963).

DAVIS, Justice.

Plaintiff-appellant, William W. Epps, sued defendants-appellees, Texas Builders Development Company, et al., for damages as the result of faulty construction of a new residence purchased by appellant from the appellees. Recovery was sought on the basis of fraud. Appellant alleged that, prior to making the purchase, the appellees, through their agents, servants and employees represented to appellant that the brick home was a new home, that it had been constructed and completed in a good and workmanlike manner, and such representations were false. Appellant alleged that after he had purchased the house, he discovered the negligent and careless manner that was used in the construction. He sought Five Thousand and No/100 ($5,000.00) Dollars in damages.

Appellees filed some special exceptions, many of which were sustained. They also filed a motion for summary judgment. Their motion for summary judgment is based on appellant's "original petition", that their cause of action is barred by the two and four year statutes of limitations, that there was not any genuine issue as to any material fact between the parties, and they were entitled to a judgment as a matter of law that appellant take nothing.

The trial court granted the motion; but, he did not render a summary judgment that appellant take nothing. Instead, the trial court dismissed the suit with prejudice, and at appellant's costs. Appellant has perfected his appeal and brings forward seven points of error.

By point six, appellant says the trial court erred in granting a summary judgment because there exists in the case a genuine disputed issue of material facts. There were no affidavits, depositions or admissions of fact that would justify the trial court in granting the motion for summary judgment. The presence, or absence, of a genuine issue of material fact cannot be shown in a summary judgment procedure by mere pleading. Dillion v. Greenville

Hospital Authority, Tex.Civ.App.1966, 404 S.W.2d 956, N.W.H. By point seven, he says the trial court erred because there was no evidence to support the summary judgment. There were genuine issues of material facts raised by the pleadings based upon fraud and the statutes of limitations; although, the pleadings will have to be further amended to name the agent, servant and employee who made the false representations. Lawyers Surety Corp. v. Sevier, Tex.Civ.App.1961, 342 S.W.2d 604, N.W.H.; Kuehnert v. Ong, Tex.Civ.App. 1963, 373 S.W.2d 821, W.R., N.R.E. There is no set rule for pleading fraud. 26 Tex. Jur.2d 62, § 99. Points six and seven are sustained.

The other points of error are overruled.

The judgment of the trial court is reversed, the cause of action is reinstated, and remanded.