**George H. NOBLE, Appellant,**

v.

**Ullman A. HUNTER, Appellee.**

**No. 7906.**

Court of Civil Appeals of Texas.

Amarillo.

March 31, 1969.

McCown, Sheehan & Dubuque, Dumas, for appellant; Louis T. Dubuque, Dumas, of counsel.

Davis & David, Dalhart, for appellee; Bob Slough, Dalhart, of counsel.

JOY, Justice.

Suit was brought upon contract for monies claimed due and from adverse judgment defendant appealed.

Hunter was employed as a feed salesman. During the process of calling upon farmers and ranchers in selling his product, Hunter met Carl Claborn who advised Hunter that he (Claborn) traded some in land. Hunter theretofore had been advised by R. E. Baker, a licensed real estate broker of Hereford, Texas, where Hunter resided, to keep a lookout for farm land for sale and that the broker would pay him a finder's fee if he was able to sell the land so located. Hunter also contacted George A. Noble for the primary purpose of selling stock feed, but inquired whether Noble knew of any land for sale. Hunter was advised by Noble that he knew of some land in Oklahoma for sale and the two of

them made a trip to Oklahoma to inspect the land. After viewing the land they decided it was "priced too high". On the way back to Noble's home, Noble suggested that one Harry Devers might have some land for sale and the two of them then proceeded to the farm of Devers. Devers agreed orally to sell his 1697-acre tract of land at a price of $160.00 per acre net to him. No written agreement was entered into between the parties in regard thereto. At the suggestion of Hunter, Hunter and Noble then proceeded on to Claborn's place in order to attempt to sell the Devers' farm to Claborn. Hunter and Noble priced the land at $175.00 per acre to Claborn, with the oral agreement to split the $15.00 per acre profit. Claborn inspected the tract of land with Hunter and Noble, but decided the deal was "too big" for him to handle, and suggested that a water test hole be drilled and the cost would be shared ⅓ each between Hunter, Noble and Claborn. Devers was contacted to secure his permission in regard thereto and an oral agreement was made for the three men to drill a test hole at their own expense. Devers orally agreed that they could have a week to buy the land or to sell it to some third party. A test hole was drilled that reflected a good possibility of irrigation water present. Without notifying Hunter, Noble and Claborn contacted Devers and entered into a written sales contract to purchase the land themselves. Hunter then contacted Claborn and Noble on the same day and was offered a participation in the purchase of the land but declined to so participate. Upon Hunter's insistence that he should be paid something in the deal, an agreement was drawn up and executed by Claborn and Noble in the following form, as introduced into evidence by plaintiff-appellee:

"The State of Texas ⎱
County of Dallam ⎰

We, the undersigned, George H. Noble and Carl Claburn, agree to pay Ullman A. Hunter one-third (⅓) of the usual five percent real estate commission on the sale of the Harry Devers' land being 1697 acres of land, more or less, at a purchase price of $160.00 per acre.

This commission will be paid by the undersigned to Ullman A. Hunter at the time the transaction for the purchase of the Harry Devers' land is completed and closed.

Witness our hands this the 4th day of January, 1965.

/s/ George H. Noble
George H. Noble

/s/ Carl Claborn "
Carl Claburn

———◆———

Some weeks later Claborn was unable to pay his ½ share of the monies necessary to purchase the land, and Noble proceeded to purchase the land individually. Upon Noble's failure to pay the monies claimed due by Hunter, Hunter filed suit against Noble and Claborn. From judgment for Hunter against both defendants, Noble has perfected this appeal.

Appellant complains by Point III of the trial court's action in disregarding the

jury's answer to Special Issue No. 7 and rendering judgment for plaintiff. Special Issue No. 7 was submitted to the jury as follows:

> "Special Issue No. 7. Do you find from a preponderance of the evidence, if any, that the real estate commission contract, executed by the defendants, dated January 4, 1965 (plaintiff's exhibit No. 3) was conditioned upon the purchase of the Harry Devers' land by both of the defendants in accordance with the terms of the contract between Harry Devers and the defendants (plaintiff's exhibit No. 6) dated January 4, 1965?
>
> Answer: It was so conditioned, or,
>
> It was not so conditioned.
>
> Answer: It was so conditioned."

---

Plaintiff-appellee in his motion for judgment requested the trial court to disregard Special Issue No. 7 upon the grounds of no evidence, insufficiency of evidence, insufficiency of defendant's pleadings and that said issue was a question of law. Plaintiff did not object to the submission of the issue to the jury. Therefore, his objection to the pleadings of defendant was waived under Rule 67, Texas Rules of Civil Procedure. Even so, however, upon a reading of the defendant's pleadings we think the issue was sufficiently pled.

Hunter (appellee) admits that the contract sued upon, plaintiff's exhibit No. 3, was based upon the closing of the deal as represented by the sales contract introduced into evidence as plaintiff's exhibit No. 6. That contract was executed by both Noble and Claborn as purchasers and Devers as seller. The evidence reflects that exhibit No. 3 set forth hereinabove was executed after plaintiff's exhibit No. 6 but on the same day. Thereafter on March 11, 1965, the closing date of the sales contract was extended to March 19, 1965, by a written agreement signed by Noble, Claborn and Devers, and further providing that Noble could purchase the land alone if Claborn did not have the funds with which to pay for his interest. It is uncontradicted that appellant Noble purchased the land upon Claborn's inability to furnish his share of the purchase price.

Generally, absent any ambiguity, the construction of a contract is a question of law for the trial court, and parol evidence is not admissible to vary the terms of the contract. On the other hand, if the contract is uncertain or ambiguous as to the intent of the parties, and parol evidence is admitted and controverted, the matter of resolving the conflict in the evidence is properly left to the jury. 13 T.J. 2d, Sec. 110, P. 263–264, citing numerous cases. We think the issue is a mixed question of law and fact, and in its form should not have been submitted to the jury. As worded, it called upon the jury to construe the two contracts, a duty placed upon the court as a matter of law, absent any uncertainty or ambiguity in the two contracts. 13 T.J.2d, supra. However, appellee failed to object to the issue prior to the submission to the jury, making objection thereto in its motion for judgment which was sustained by the trial court. Appellee also failed to request an instruction by the court in reference to the issue. Rules 272 and 274, T.R.C.P.

Appellant timely filed his motion for new trial and we think the motion should have been granted based upon appellant's points four and five which complain of the trial court's refusal to submit a special issue inquiring whether or not appellee came within one of the exceptions to

Art. 6573a, The Texas Real Estate License Act, and the failure of the court to define in its charge a real estate broker or person dealing in real estate. Appellant pleaded as a defense that appellee was a real estate broker as defined by the statute, and since appellee was unlicensed, could not sue for a real estate commission as provided in the statute. We find, without unduly lengthening this opinion with quotations of testimony, that the evidence fairly raises the issue as to whether or not the appellee was a real estate broker as defined in the statute, and if so, whether or not he came within one of the exceptions. Kuehnert v. Ong, Tex.Civ.App., 373 S.W.2d 821 (ref'd n. r. e.). Appellee having pled that he was not a real estate broker and that he did come within one of the exceptions of Art. 6573a, Sec. 6, Par. I, the burden was on appellee to prove the allegations, and the appellant having timely requested the submission, we think the trial court erred in refusing to do so. Hall v. Hard, 160 Tex. 565, 335 S.W. 2d 584. Appellant's points four and five are sustained.

Appellant by point six complains of the submission of Special Issue No. 1 on the grounds it was a question of law and not one of fact for the determination of the jury. The issue as submitted read: "Do you find from a preponderance of the evidence that before January 4, 1965, Harry Devers gave the plaintiffs and defendants the right to sell the land in question for one week?" We find from a careful reading of the record that the issue was uncontroverted, therefore, was unnecessarily submitted to the jury. The trial court is required to submit to the jury only those issues that are controverted. Rule 272, T. R.C.P. See also Senn v. Strange, Tex. Civ.App., 366 S.W.2d 612 (n. w. h.) and Wright v. Vernon Compress Co., 156 Tex. 474, 296 S.W.2d 517.

We, therefore, reverse the judgment of the trial court and remand for a new trial in accordance herewith.