Alfonso **VILLARREAL** et ux., Appellants,

v.

**SANTA ROSA MEDICAL CENTER,**
Appellee.

No. 14794.

Court of Civil Appeals of Texas.

San Antonio.

July 9, 1969.

Southers, Mendelsohn, Goldberg & Lyons, Les Mendelsohn, San Antonio, for appellants.

Carl Wright Johnson, W. R. Simcock, San Antonio, for appellee.

BARROW, Chief Justice.

The question presented here is whether a charitable hospital is immune from liability for damages allegedly sustained by a paying patient as a result of negligence of the agents, servants, or employees of said hospital. The incident made the basis of this suit occurred on March 31, 1966, which was after the judgment became final in Watkins v. Southcrest Baptist Church, 399 S.W.2d 530 (Tex.Sup.1966). The trial court entered a take-nothing summary judgment based solely upon appellee's defense of charitable immunity.

On March 30, 1966, appellant Consuelo Villarreal was admitted, as a paying patient, to appellee's hospital, suffering from acute cholecystitis. In preparation for surgery, a transfusion was administered by appellee on March 31, 1966. It is alleged that the blood transfused was adulterated with a serum hepatitis virus and, as a result thereof, Mrs. Villarreal became infected with serum hepatitis. This suit was filed by appellants, Consuelo Villarreal and her husband, Alfonso Villarreal, based upon several theories of negligence. However, it is unnecessary to discuss these various theories of recovery on this appeal, in that appellee concedes that appellants alleged a cause of action but for the bar of the doctrine of charitable immunity.

Appellants assert that the trial court erred in holding that a non-profit hospital corporation was immune from legal liability for the torts of its employees because: A. The doctrine of charitable immunity is no longer a bar to such a cause of action; and B. Appellee waived any immunity by purchasing liability insurance in an amount greater than the judgment sought herein by appellants. Appellants did not controvert appellee's proof that it was a charitable corporation.

Appellants concede that the doctrine of charitable immunity was recognized in Texas to the extent that it barred recovery for the cause of action asserted herein prior to Watkins v. Southcrest Baptist Church, supra. See Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749 (1943). They urge, however, that a majority of the Supreme Court declared an intention not to be bound by the *Clayton* holding in actions arising subsequent to the *Watkins* case.

It is our duty as an intermediate court, in our judicial system, to follow the decision of our Supreme Court. See Leal v. C. C. Pitts Sand and Gravel, Inc., Tex.Civ.App., 413 S.W.2d 825, 827, reversed on other grounds, 419 S.W.2d 820 (Tex.Sup.1967). Clearly, this would be our duty if a majority of the members of the Supreme Court in *Watkins* had followed or reaffirmed the *Clayton* rule of charitable immunity. However, an analysis of the four opinions written in said cause indicates a willingness on the part of five members of the Court to re-examine the doctrine of charitable immunity in cases arising after the *Watkins* case became final. Four of the justices felt bound by the *Clayton* decision and subsequent cases based thereon, and suggested that any change should be by the Legislature which could be more flexible in selecting the charities and charitable activities to be affected. One justice

concurred in the judgment of affirmance, but said he would announce that the doctrine of charitable immunity would not be recognized in cases arising thereafter. Two justices concurred in the affirmance, but said the Court should declare that it would feel free to re-examine the doctrine "in cases arising after this case becomes final." The remaining two justices dissented as they believed the doctrine should be abolished. See Greenhill, "Should Government Immunity for Torts be Re-examined, and if so, by Whom?" Vol. XXXI, Texas Bar Journal, 1036–1038; Tunnell v. Otis Elevator Co., 404 S.W.2d 307 (Tex.Sup.1966).

Although cases involving the charitable immunity doctrine have been before our appellate courts on several occasions since the *Watkins* decision was announced, none involved a cause of action arising subsequent to the time *Watkins* became final. See Mayfield v. Gleichert, 437 S.W.2d 638 (Tex.Civ.App.—Dallas 1969, no writ); Williams v. St. Anthony's Hospital, 431 S.W.2d 377 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.); Shivers v. Good Shepherd Hospital, Inc., 427 S.W.2d 104 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.); Dillon v. Greenville Hospital Authority, 404 S.W.2d 956 (Tex.Civ.App.—Dallas 1966, no writ); Tunnell v. Otis Elevator Company, 400 S.W.2d 781 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e. with per curiam opinion, Tex., 404 S.W.2d 307). We conclude that we are not bound to follow the Clayton rule in this suit wherein the cause of action arose subsequent to the finality of the *Watkins decision.*

There is little we can add to the comprehensive discussion of the charitable immunity doctrine in *Watkins*, as well as the authorities referred to therein. It is seen from these authorities that in recent years where the issue of charitable immunity has come before a court as a matter of first impression, the doctrine has been consistently rejected. Furthermore, the unquestioned trend where courts have reconsidered this question has been to abandon or limit the application of the doctrine of immunity. Some twenty-five states have now abrogated the doctrine.

Particularly has the doctrine of immunity been abandoned in cases involving a suit against a charitable hospital by a paying patient.[1] The modern hospital, such as appellee, is a large business institution, operating on a business-like basis. In that stature the hospital, although non-profit, should be as responsible for its obligations arising from the torts of its servants as other corporations. As observed by Justice Greenhill, it is difficult to consider a person who is paying from $20 to $50 per day for a hospital room to be the object of charity. See *Watkins*, 399 S.W.2d p. 535.

We conclude that the doctrine of charitable immunity should not be applied to bar the suit of a paying patient seeking to recover damages sustained as the result of negligence on the part of an agent, servant, or employee of a charitable hospital.

The judgment of the trial court is accordingly reversed and the cause remanded for trial.

1. Parker v. Port Huron Hospital, 361 Mich. 1, 105 N.W.2d 1 (1960); Adkins v. St. Francis Hospital, 149 W.Va. 705, 143 S.E.3d 154 (1965); Flagiello v. Pennsylvania Hospital, 417 Pa. 486, 208 A.2d 198 (1965).