**W. L. AVENT, Appellant,**

**v.**

**Beaumont STINNETT and wife,
Peggy Stinnett, Appellees.**

**No. 8461.**

Court of Civil Appeals of Texas,
Amarillo.

Aug. 12, 1974.

Lair, Brown & Reeves, Ernest R. Reeves, Canyon, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins, Jairl P. Dowell, Amarillo, for appellees.

ELLIS, Chief Justice.

This appeal is brought by plaintiff-appellant, W. L. Avent, from a summary judgment entered by the 181st District Court of Potter County, Texas, in favor of defendants-appellees, · Beaumont Stinnett and wife, Peggy Stinnett, in which it was decreed that the plaintiff take nothing in his suit against the defendants for a disputed real estate commission. Affirmed.

An oral agreement was reached between plaintiff and defendants whereby defendants would pay plaintiff 5% of the total sales price of a ranch owned by defendants as commission provided plaintiff was instrumental in bringing about such a sale. The exact duties of plaintiff under the agreement are in dispute. A sale was ultimately consummated between defendant Stinnett and B. C. Noonan and Sons Company for a sales price of $604,500. Plaintiff had brought the buyer and seller together; therefore, he claims the total commission of 5%, a sum of $30,225. Defendants gave a check to plaintiff in the amount of $15,000. Plaintiff endorsed the check and negotiated it. Prominently displayed on the face of the check was the notation:

(PRINTED) "THIS CHECK IN FULL SETTLEMENT OF ACCOUNT AS SHOWN HEREIN

ACCEPTANCE BY ENDORSEMENT CONSTITUTES RECEIPT IN FULL

(Typed) Comm. from Beaumont Stinnett, Laurel S. Dammier, and Sidney S. Boyce on Randall Ranch Sale."

Plaintiff filed suit against the defendants for recovery of the claimed balance of the 5% commission in the amount of $15,225 and for attorneys fees in the amount of $5,000.

The judgment that plaintiff take nothing by his suit was granted upon defendants' motion for summary judgment. The court found from the pleadings, admissions and answers of plaintiff in response to defendants' request for admissions and written interrogatories, together with the supporting and opposing affidavits of the parties, that there was no issue as to any material fact upon which the defendants must rely to be entitled to the summary judgment as a matter of law.

The defendants' motion alleged that the plaintiff had admitted that he was not licensed by the State of Texas as a real estate broker, a real estate salesman or as an attorney at law at the time he performed the services alleged in his original petition, and pursuant to the provisions of Section 19 of 6573a, Vernon's Annotated Texas Civil Statutes, he may not, therefore, bring or maintain any suit for the collection of compensation for the performance of such acts. Further, defendants alleged that plaintiff has admitted there is no written agreement signed by the defendants or either of them whereby they or either of them agreed to pay him any commission or compensation whatsoever for the performance of the services alleged in his original petition, and pursuant to Section 28 of Article 6573a, V.A.T.S., the plaintiff may bring no action in any court of this state for the recovery of any commission for the sale or purchase of real estate. The defendants further alleged that the plaintiff had accepted and negotiated a check in the sum of $15,000 delivered on a disputed claim and that an accord and satisfaction of the claim in controversy in this suit had been accomplished.

In the plaintiff's affidavit in support of his answer to the defendants' motion for summary judgment, he stated, among other matters, that the transaction "which is the subject matter of this litigation is the sole and only time that I have attempted to or did enter into an agreement with an owner of real property who desired to sell or lease the same, whereby I would receive a commission for my services rendered in procuring a purchaser or lessee or otherwise assisting in effecting a sale or lease of the property of said owner." He contends that on the basis of the foregoing he is exempt from the licensing and written contract requirements of the Texas Real Estate License Act. He further insists that his conduct and the relationship of the parties in connection with his acceptance of the $15,000 check did not accomplish an accord and satisfaction of his claim for the additional commission.

In his appeal, the appellant raises two points of error, contending that the trial court erred in granting the defendants' motion for summary judgment and overruling plaintiff's motion for new trial on the grounds that (1) there was a genuine issue as to the material facts as to whether or not the acts and conduct of the parties to the suit were sufficient to constitute an accord and satisfaction; and (2) there was a genuine issue of material fact as to whether the appellant was exempted from any and all provisions of Article 6573a under the specific provisions of Section 6(1) thereof. Since the alleged exemption of the appellant from the licensing and contract in writing requirements of Article 6573a is a basic matter for consideration in disposing of this appeal, we shall first consider appellant's second point.

We recognize that in this summary judgment proceeding, the burden of proof is upon the movants and all doubts as to the existence of a genuine issue as to a material fact are resolved against them. Gulbenkian v. Penn, 151 Tex. 412, 252 S. W.2d 929 (1952). The evidence must be viewed in the light most favorable to the party opposing the motion, Valley Stockyards Company v. Kinsel, 369 S.W.2d 19 (Tex.1963), and when so viewed, before summary judgment is proper, it must be apparent that there is no genuine issue as to any material fact and that the moving parties are entitled to a judgment as a

matter of law. See Rule 166–A Texas Rules of Civil Procedure.

The legislation here involved is Article 6573a, V.A.T.S., known as the Real Estate License Act, containing both remedial and penal provisions for the purpose of providing a more efficient and effective means of regulating the real estate business in this state. In addition to the establishment of a regulatory agency for the administration and enforcement of the Act, it has prescribed licensing requirements for those who would desire to act as a Real Estate Broker or Real Estate Salesman. Also, the Act prescribes certain standards for the conduct of the business as well as conditions to be met with respect to the bringing of suit for collection of compensation for the performance of acts or services in connection with specified real estate transactions. Further, the Act specifies and defines the persons or entities and types of activities and transactions which are subject to the provisions of the Act, as well as those which are exempt from and to which the provisions of the Act are not applicable.

Persons and activities which are subject to the provisions of the Act are set out in Section 4(1) and Section 5. The pertinent provisions of Section 4(1) are:

"(1) The term 'Real Estate Broker' shall mean and include any person who, for another or others *and for compensation or with the intention or in the expectation or upon the promise of receiving or collecting compensation:*" [1]

\* \* \* \* \* \*

"(c) Negotiates, or offers or attempts or agrees to negotiate the sale, exchange, purchase, rental or leasing of real estate;"

\* \* \* \* \* \*

"(j) Procures or assists in the procuring of prospects, calculated to result in the sale, exchange, leasing or rental of real estate."

Section 5 provides:

"*Any one act* set out in Section 4, Subdivision (1), when performed *for another or others for compensation or valuable consideration or with the intention or in the expectation or upon the promise of receiving or collecting compensation* shall constitute a person, partnership, association, or a corporation performing, offering or attempting to perform such act or acts, a Real Estate Broker or a Real Estate Salesman within the meaning of this Act."

The provisions regarding the bringing of actions "for the collection of compensation" and "for the recovery of any commission" for performing broker services or for the sale or purchase of real estate, respectively, are set out in Sections 19 and 28, as follows:

"Sec. 19. *No person* or company may bring or maintain any action *for the collection of compensation* for the performance in this State of any of the acts set out in subdivision (1) of Section 4 hereof *without alleging and proving* that the person or company performing the brokerage services was a *duly licensed* real estate broker or salesman at the time the alleged services were commenced; or was a duly licensed attorney-at-law as exempt from the provisions of this Act by Section 6."

\* \* \* \* \* \*

"Sec. 28. *No action* shall be brought in any court in this State *for the recovery of any commission* for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be *in writing and signed by the party to be charged therewith* or by some person by him thereunder lawfully authorized."

It is undisputed that the plaintiff was not licensed and that there was no written

---

1. All emphasis has been added, unless otherwise indicated.

agreement or memorandum whatsoever in connection with the arrangement between the plaintiff and the defendants. The plaintiff-appellant contends that he is exempt from the above quoted sections of the Real Estate License Act by reason of the provisions of Section 6(1) thereof.

Section 6 of Article 6573a contains four subsections dealing with activities and conduct in connection with real estate transactions which are classified as exemptions and to which the provisions of the Act do not apply. The first of these subsections provides:

" . . . (1) The provisions of this Act shall not apply to the *advertising, negotiation or consummation* of any purchase, sale, rental or exchange of, or the borrowing or lending of money on, real estate by any person, firm, or corporation when such person, firm or corporation does not engage in the activities of a Real Estate Broker as an occupation, business or profession on a full or part-time basis."

Subsection (2) relates to the management of property by its owner and his employees. Subsection (3) provides exemption for those acting under written power of attorney from the owner, services rendered by an attorney at law, escrow holders, receivers, trustees in bankruptcy, executors or administrators, trustees under a trust agreement, deed of trust or a will, those acting under court order or to public officials performing their duties as such. Subsection (4) exempts sales, leases or transfers of real estate by owners, their regular employees or the attorney for owners, unless such owners or their attorney is engaged wholly or in part in the business of selling real estate.

■ From an overview of the nature of the coverage of the exemption section of the Act, particularly when considered in connection with Sections 4 and 5, describing the types of activities to which the act is applicable, and the overall tone and obvious purposes of the act as related to public policy, it is apparent that the exemptions are not intended to include any person who is not licensed either as a real estate broker or salesman, or attorney at law, who is connected with the sale of real estate for the owner for compensation on a real estate commission basis and who has no contract or memorandum in writing concerning such transaction. In general, the real estate activities apparently included in the exemption subsection are those conducted for specialized purposes for which the payment of real estate commission is not contemplated.

■■ The appellant contends that he is exempt from the provisions of Sections 19 and 28 of the Act by virtue of the provisions of subsection 1 of Section 6. This subsection excludes from the provision of the Act those engaging in *advertising, negotiation or consummation* of any purchase or sale, along with other real estate related activities, and no mention is made of compensation or commission. When viewing Section 6(1) as a whole and in relation to other pertinent portions of the Act, it is our opinion that it was intended that the exclusion covers any individuals who engage in any of the enumerated acts listed under section 4(1), but who are not acting in capacities as real estate agents or are not engaging to any extent in the activities of a real estate agent as an occupation or business and in no event contemplates any payment to the performer of any type of consideration, remuneration or commission as a real estate agent. Further, it has been determined by both statutory and case law that an isolated transaction is sufficient to bring one performing as a real estate agent for compensation as such within the purview of the Act. Art. 6573a, § 5 (1967); Gregory v. Roedenbeck, 141 Tex. 543, 174 S.W.2d 585 (1943); Breeding v. Anderson, 152 Tex. 92, 254 S.W.2d 377 (1953). Also, in construing licensing provisions and exemptions under the Security

Dealers License Act, Article 500a, similar to those now contained in Section 6 of Article 6573a, it has been held that a plaintiff who was an unlicensed dealer could not recover a commission. See Breeding v. Anderson, supra; Sibley v. Coffield, 193 S. W.2d 239 (Tex.Civ.App.—Austin 1946, writ ref'd n. r. e.).

In the recent case of Sherman v. Bruton, 497 S.W.2d 316 (Tex.Civ.App.— Dallas 1973, no writ), it was held that a licensed attorney at law, included in the exempting language under Section 6(3) of Article 6573a and also expressly exempted from the licensing requirement under Section 19, who had performed real estate brokerage services, was not exempt from the mandatory written contract requirements of Section 28 in a suit for recovery of a real estate commission. The court significantly pointed out that the exemption under Section 6(3) for attorneys at law applies only to the lawyer-client relationship, and when any legal services he performs are only incidental to his performance of real estate brokerage functions, he is not relieved from the requirements that his contract be in writing, as required by Section 28, in order to recover a commission. In view of the holding in this case, it is our opinion that if the language of Section 6(3), will not exempt an attorney who performed brokerage functions, and who was additionally exempt under Section 19, from the requirement of Section 28 making a written contract mandatory in a suit for a commission, the identical language of Section 6(1) will not serve to exempt the appellant, who performed brokerage functions, from the Sections 19 and 28 requirements of a license and a written contract as a prerequisite for bringing suit to collect a real estate commission.

The appellant has cited the case of Kuehnert v. Ong, 373 S.W.2d 821 (Tex. Civ.App.—Houston 1963, writ ref'd n. r. e.), in support of his claim of exemption from the Real Estate License Act. That case is readily distinguishable. There, Kuehnert, a licensed auctioneer, brought the suit to recover the amount bid by Ong for the purchase of real estate at an auction sale conducted by Kuehnert. Although the court, in reversing a summary judgment for Ong, held that there was an unresolved fact issue as to whether Kuehnert was engaged as a real estate broker at the time of the auction, the salient point is that Kuehnert was seeking to recover the *purchase price* on behalf of the owner, and he was not, as appellant is here, seeking collection of compensation or recovery of a commission for the sale of real estate.

The appellant also cites the case of Noble v. Hunter, 441 S.W.2d 580 (Tex.Civ. App.—Amarillo 1969, no writ) in support of his contention that there is a fact issue as to whether the claimed exemption is applicable. An analysis of this case shows that it is not a commission claim by an agent against the owner, but rather a claim in connection with a joint venture agreement between the parties. There was never any sort of brokerage agreement, and the plaintiff's claim was for a "commission" from his joint venturers rather than against a seller who never had any kind of brokerage agreement with him. The plaintiff claimed he was not a real estate broker but came within the Section 6(1) exemption. The defendant claimed he was entitled to an issue as to whether the plaintiff came within the claimed exemption, and the court of civil appeals held that the burden of proof was upon the one claiming the exemption and that the defendant was entitled to have an issue on such matter submitted to the jury.

In our opinion, the overall purpose and intent of Section 6(1) is to exempt transactions of a different nature to those directly related to the sale of real estate by a salesman for the owner on a strictly com-

mission basis. The instant case is that of a suit by the salesman against the owner for a commission allegedly earned in connection with the sale of the property to a third person. The plaintiff in neither the Kuehnert nor Noble case cited by appellant could be considered as seeking or claiming a commission or compensation for brokerage services, and thus we do not regard such cases as determinative of the basic question in the instant case.

From a review of the pleadings, summary judgment proof, and the applicable statutes and authorities, it is our opinion that the appellant who was not licensed, either as a real estate broker or salesman or as an attorney at law, and who performed real estate brokerage functions as an agent and had no contract in writing, does not qualify as an exempt person under Section 6(1). Thus, we hold that the acts performed by the appellant come within the purview of Sections 4 and 5, and by virtue of the applicability of Sections 19 and 28, he is not entitled to bring his suit for the remainder of his claimed real estate commission. The appellant's contention that a genuine issue as to a material fact as to whether the transaction was exempt under Section 6(1), as set out in his second point, is overruled.

■ Even if the transaction here involved should be regarded as exempt from the provisions of the Real Estate License Act, and the appellant is not precluded from bringing his suit for the additional real estate commission, we do not agree that a genuine issue of material fact was presented concerning the accomplishment of an accord and satisfaction as contended by the appellant in his first point. The burden was upon appellee as the movant for summary judgment to conclusively establish the affirmative defense of accord and satisfaction. Jenkins v. Henry C. Beck Company, 449 S.W.2d 454 (Tex. 1969). Such a defense rests upon a new contract express or implied, in which the parties agree to the discharge of the existing obligation by means of the lesser payment tendered and accepted. Industrial Life Ins. Co. v. Finley, 382 S.W.2d 100 (Tex.1964), and consideration may inhere or arise out of a bona fide dispute as to liability upon a liquidated claim. General American Life Insurance Company v. Valley Feed Mills, Inc., 458 S.W.2d 860 (Tex. Civ.App.—El Paso 1970, writ ref'd n. r. e.). The evidence must establish an assent of the parties to an agreement that the amount paid by the debtor to the creditor was in full satisfaction of the entire claim. McCarty v. Humphrey, 261 S.W. 1015 (Tex.Com.App.1924, opinion adopted). There must be an unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. George Linskie Co. v. Miller-Picking Corp., 463 S.W.2d 170 (Tex.1971).

■ In the instant case it is undisputed that Stinnett communicated to Avent that his attorney had told him that $15,000 was enough for any work that Avent had done or would do. The reduced commission suggested to Stinnett by his attorney and such communication to Avent establishes a bona fide dispute as to extent of liability on a claim of 5% commission for at this point Avent vehemently protested a reduction in the commission. In any event, it is evident that Avent was aware that Stinnett was then regarding the sum of $15,000 as the total commission he would pay for the sale of the property. After the sale of the property was subsequently consummated, it is undisputed that Avent was advised that a check in such amount was available for him at Stinnett's office. Avent then went to Stinnett's office to pick up the check and did not protest the very prominent notation on the check to the effect that the check was in full settlement of the commission debt. Although Stinnett may have

made no mention of the notation at that time, as contended by Avent, Avent accepted the check, endorsed it and negotiated it with the notation thereon. It is undisputed that Avent made no objection to the check and any unconveyed mental attitude that he was under the impression and acted under the representation that he would receive the full 5% commission was immaterial. Industrial Life Ins. Co. v. Finley, supra; Buford v. Inge Const. Co., 279 S.W. 513 (Tex.Civ.App.—Dallas 1925, no writ). The record discloses no representation as to an agreement for a 5% commission other than the parties' very first conversation, while it is shown that the lesser sum of $15,000 was subsequently mentioned by Stinnett and that Avent vehemently protested the lesser amount. Nevertheless, the notation on the check is so clear, full and explicit that it is only susceptible of the interpretation that acceptance by appellant constituted satisfaction of the underlying obligation. Cf. Jenkins v. Henry C. Beck Company, supra. Consequently, such conduct and actions in accepting and negotiating the check in the amount of $15,000 with the notation thereon in payment of the disputed liquidated claim, leads to the conclusion that an accord and satisfaction was accomplished. Edwards v. Parker, 438 S.W.2d 141 (Tex.Civ.App.—Dallas 1969, no writ); Texas & Pacific Railway Co. v. Poe, 131 Tex. 337, 115 S.W.2d 591 (1938). Although Avent contends that he never agreed to a lesser sum and that he considered the check as partial payment only, it was incumbent upon him to return the check thereby rejecting the offer or to accept and negotiate the check. Turner v. Day, 322 S.W.2d 300 (Tex.Civ.App.—Waco 1959, no writ); Root & Fehl v. Murry Tool Co., 26 S.W.2d 189 (Tex. Com.App.1930). It is undisputed that Avent opted for the latter alternative. Appellant's first point is overruled.

For the reasons above stated, the judgment of the trial court is affirmed.