**R. A. WILKES, dba Wilkes Clock Shop, Appellant,**

v.

**Don MASON and Ann Loewenstern, Appellees.**

No. 8606.

Court of Civil Appeals of Texas, Amarillo.

Oct. 14, 1975.

Robin M. Green, Amarillo, for appellant.

Culton Morgan Britain & White, Sam R. Cummings, Amarillo, for appellees.

REYNOLDS, Justice.

Aggrieved by a take-nothing summary judgment rendered in his suit for property damages, R. A. Wilkes has appealed, contending that the trial court erred in denying his motion for summary judgment and in granting the summary judgment motion of defendants. The record does not establish the right of either party to summary judgment. Reversed and remanded.

R. A. Wilkes operated a business under the name of Wilkes Clock Shop on orally leased premises in a building owned by defendants Don Mason and Ann Loewenstern. Water leaked from a broken pipe through the ceiling onto Wilkes' merchandise and, by this suit, he sought to establish defendants' liability in the amount of $1,986.27 for the damage caused by the water. The pleaded theory of recovery was that defendants had negligently failed to properly repair the water pipes after orally contracting to do so as an inducement for Wilkes' continued occupancy of the leased premises.

Both Wilkes and the defendants moved for summary judgment. Wilkes relied on his affidavit to establish the elements of his pleaded cause of action, and defendants submitted the deposition testimony of Wilkes to show that defendants had no duty to keep the premises repaired. Each party controverted the summary judgment motion of the other. The court denied both motions.

Thereafter, defendants again moved for summary judgment on the ground that there had been an accord and satisfaction of the claim made by Wilkes. The motion was accompanied by the affidavit of defendant Don Mason and a copy of a $100 check admittedly endorsed by Wilkes, who received the proceeds. The check was dated subsequent to the time Wilkes' claim arose and bore the printed notation, in very small capital letters: "THIS CHECK IS IN FULL SETTLEMENT AS SHOWN HERE ACCEPTANCE BY ENDORSEMENT CONSTITUTES RECEIPT IN FULL," above four lines on which could be indicated the purpose for which the check was drawn. None of the lines was completed to show the purpose of the check. As it is material to the defense of accord and satisfaction, Mason's affidavit reads:

. . . We told Mr. Wilkes that we wanted him to have this check for the damages and inconvenience caused him by virtue of the water leakage. Mr. Wilkes made statements to the effect that he thought that we were not treating him fairly. Nevertheless, we left the check and returned to our offices.

The check was tendered with the intent of fully discharging any claim that Wilkes had towards Ann Loewenstern and myself by virtue of the water damage. We did not intend nor did we tell Mr. Wilkes that this check would be in part payment of any claim that he might have against us.

In controverting this summary judgment motion, Wilkes formally asserted that at the time the check was handed to him, he said he did not want it, and then he was told, "Well, this will help you to clean up the place and get the place cleaned up." Further, Wilkes vowed that it was not his intention at any time to accept the check, which was laid on a table, in payment of the damages.

The trial court granted defendants' second summary judgment motion and rendered judgment that Wilkes take nothing. Wilkes has appealed, challenging the judgment by his second point of error.

■ Summary judgment should be granted, and if granted should be affirmed, only if the summary judgment record establishes a right thereto as a matter of law. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970). To establish a right to summary judgment as a matter of law, the moving party must present summary judgment proof of the absence of any genuine issue of material fact respecting his plea for relief and that, as a matter of law, he is entitled to judgment. *Lokey v. Texas Methodist Foundation,* 479 S.W.2d 260 (Tex. 1972). Thus, the movant for summary judgment has the burden of proof, and all doubts as to the existence of a genuine issue of a material fact are resolved against him, *Parrott v. Garcia,* 436 S.W.2d 897 (Tex.

1969), the evidence being viewed in the light most favorable to the party opposing the motion for summary judgment. *Valley Stockyards Company v. Kinsel,* 369 S.W.2d 19 (Tex.1963). In this connection, the testimony of an interested witness, which generally does nothing more than raise a fact issue, does not establish a fact as a matter of law on motion for summary judgment unless it is clear, direct and positive, with no circumstances in evidence tending to discredit or to impeach such testimony. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972).

■ Thus, when defendants moved for summary judgment on the ground of accord and satisfaction, they were required to conclusively establish that affirmative defense, an essential element of which is an assent of the parties to an agreement that the $100 check was paid and accepted in full satisfaction of the claim of Wilkes for $1,986.27. *Jenkins v. Henry C. Beck Company,* 449 S.W.2d 454 (Tex.1969). This defendants failed to do. The summary judgment record reveals no more than an unresolved fact issue respecting the intent of the parties concerning the tender and acceptance of the check. Even the affidavit of Mason, considered apart from Wilkes' controverting affidavit, shows that there was no meeting of the minds on the settlement of the claim.

■ Notwithstanding, defendants contend that the act of Wilkes in endorsing and accepting the proceeds of the check with the printed notation thereon constituted an acceptance of the check in satisfaction of his claim under the holding in *Avent v. Stinnett,* 513 S.W.2d 89 (Tex.Civ.App.—Amarillo 1974, no writ). The holding in *Avent* is not that broad. There, although the check bore the same printed notation as the check now before us, the printed notation was prominently displayed and followed by a typed notation of the purpose for which the check was drawn; here, the printed notation was in fine print without any information inserted in the spaces provided to signify the purpose of the check.

Moreover, creditor *Avent* was the actor in obtaining his check and he voiced no objection to the amount, while Wilkes did not solicit the check at issue here and he protested its tender as full settlement of his claim.

Since defendants failed to discharge their burden of proof, they were not entitled to summary judgment. The second point of error is sustained, and we must consider the first point contending that the court erred in denying Wilkes' motion for summary judgment. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396 (1958).

■ The motion for summary judgment filed by Wilkes did not state the specific ground therefor as required by Rule 166–A, Texas Rules of Civil Procedure. The motion was supported only by his affidavit which, to prove the absence of any genuine issue of fact that defendants negligently failed to properly repair the water pipes, merely states that defendants

. . . did make one or more ineffectual attempts to repair the pipes in this building. At the time they were making these repairs, I was not aware of the method or the purpose which they intended to use in repairing or replacing the pipes. It was only after other circumstances arose that I became aware that they had negligently and willfully failed and refused to properly repair the pipes in this building.

Obviously, the statements are conclusions without the recitation of any facts upon which the conclusions are based; indeed, the affidavit negates the knowledge of facts upon which the conclusions could be based. The affidavit does not meet the requirements of Rule 166–A, which requires the setting forth of facts that would be admissible in evidence, *Crain v. Davis,* 417 S.W.2d 53 (Tex.1967), and conclusions are not competent evidence to support summary judgment. *Hidalgo v. Surety Savings and Loan Association,* 487 S.W.2d 702 (Tex. 1972). The trial court properly denied summary judgment to Wilkes, and his first point is overruled.

The summary judgment rendered by the trial court is reversed and the cause is remanded.