Larry Julian **BLACKMON**, Appellant,

v.

Patricia Louise **BLACKMON**, Appellee,

No. 16572.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1975.

K. D. Keenan, Vern J. Thrower, Houston, for appellant.

EVANS, Justice.

This is an appeal from a judgment nunc pro tunc entered June 10, 1975, wherein the

trial court purported to correct certain errors in two separate causes pending in said court as No. 997,045 and No. 997,102. This is a companion case to two related appeals affecting the same parties and subject matter. Such appeals have been disposed of by opinions this date filed in separate proceedings.

The order appealed from recites that the November 25, 1974, judgment in Cause No. 997,045 had been entered in error "as both cause nos. 997,102 and 997,045 were heard one at the same time and that as a result thereof" Patricia Blackmon was "still made and named" the managing conservator of the child.

The order decreed that cause no. 997,045 was a nullity and should not have been entered and that the order in cause no. 997,102 was controlling and was, therefore, confirmed as the final order of the court.

In one point of error appellant asserts that the judgment nunc pro tunc is void because it attempted to make a judicial correction of a prior judgment which had become final by operation of law. We concur.

As set out in more detail in the opinions rendered in the related appeals referred to above, cause no. 997,102 was a habeas corpus action brought by Mrs. Blackmon which resulted in the court making a docket entry on October 4, 1974, requiring the return of the child to Mrs. Blackmon on October 5, 1974. No written order was entered at the time the docket entry was made and in fact it was not until January 3, 1975, that the court purported to enter a written order effectuating the docket entry. At the time of the entry of this order the time for the return of the child had, of course, expired.

Cause no. 997,045 was brought by Larry Blackmon to modify custody under the divorce decree and resulted in the entry of an order dated November 25, 1974, whereby Mr. Blackmon was appointed managing conservator of the child. This order became final and non-appealable thirty days after its entry.

The purported nunc pro tunc judgment did not merely correct a clerical error; on the contrary it purported to set aside and hold for nought an order which had become final by its terms and over which the court had no further power or control. This was clearly error. *Comet Aluminum Company v. Dibrell,* 450 S.W.2d 56, 58 (Tex.Sup.1970); *Universal Underwriters Insurance Co. v. Ferguson,* 471 S.W.2d 28, 29 (Tex.Sup.1971); *Tunnell v. Otis Elevator Company,* 404 S.W.2d 307, 308 (Tex.Sup.1966).

Reversed and rendered.